WALKER et al. v. FORD et al.

(Court of Appeals of District of Columbia. Submitted December 6, 1920. Decided January 3, 1921.)

No. 3409.

1. United States ⟲125—Immunity extends to suit against property.

Immunity of the United States against suit, except by its consent, extends to its property, and applies where its rights are affected, either by a suit directly against it or against its officers or agents.

2. United States ⟲125—Ejectment not maintainable against Public Printer for encroachment of printing office on adjoining lot.

The owner of lots adjoining the Government Printing Office cannot maintain ejectment against the Public Printer and his chief clerk, because the wall of the office encroached upon their lots, since the officers were not unlawfully in possession of the strip encroached upon, and the suit, in effect, was one to compel the removal of the wall of the building.

Appeal from the Supreme Court of the District of Columbia.

Ejectment by Frank H. Walker and another against Cornelius Ford and another. Judgment for defendants on a directed verdict, and plaintiffs appeal. Affirmed.

Reeves T. Strickland, of Washington, D. C., for appellants.
H. H. Glassie, of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. This is a suit in ejectment to recover possession of the eastern 4 feet 11 inches, by the full depth, of lots 75 and 76, Square 624, in the city of Washington.

The claim is based upon the extension of the concrete foundation of the west wall of the Government Printing Office 4 feet and 11 inches beyond the line under plaintiffs' property. In other words, the government, in erecting the west wall of the printing office, constructed a concrete base upon which the wall rests. The base, the top of which is several feet underground, extends 4 feet 11 inches, beyond the wall under plaintiffs' property for the full length of the lots.

At the conclusion of plaintiff's testimony, the court, on defendants' motion, directed the jury to return a verdict for defendants. From the judgment thereon, plaintiffs appealed.

[1] The case can be disposed of by consideration of the single point that this is, in effect, a suit against the United States. The defendants are employees of the United States. Defendant Ford is the Public Printer, and defendant Alverson is the chief clerk of the government Printing Office. It is clear the action is against property owned by the United States and used for a public purpose. The immunity of the United States against suit, except by its consent, is not only personal, but extends to its property. It applies to the same extent, whether the rights of the United States are affected in a suit directly against it, or against its officers or agents.

"The question whether the United States is a party to a controversy is not determined by the merely nominal party on the record, but by the question of the effect of the judgment or decree which can be entered." Minnesota v. Hitchcock, 185 U. S. 373, 387, 22 Sup. Ct. 650, 656 (46 L. Ed. 954).

Plaintiffs, however, rely upon the case of United States v. Lee, 106 U. S. 196, 1 Sup. Ct. 240, 27 L. Ed. 171, as sustaining the right of ejectment in the instant case. In the Lee Case, two army officers, Strong and Kaufman, were in unlawful possession of the Arlington estate. Ejectment was brought under the laws of Virginia. The officers defended upon the ground that their possession was the property of the United States. Judgment was rendered against them for possession, without finally determining the question of title. The decision, however, turned to a large extent upon the question of the validity of a certificate of sale of the property to the United States for taxes, as affecting the jurisdiction of the court to turn the defendants out of possession.

The ground upon which the case is distinguished from the general rule forbidding suit against the United States, except by its consent, is clearly stated in Cunningham v. Macon & Brunswick R. R. Co., 109 U. S. 446, 452, 3 Sup. Ct. 292, 296 (27 L. Ed. 992), as follows:

"Another class of cases is where an individual is sued in tort for some act injurious to another in regard to person or property, to which his defense is that he has acted under the orders of the government. In these cases he is not sued as, or because he is, the officer of the government, but as an individual, and the court is not ousted of jurisdiction because he *asserts* authority as such officer. To make out his defense he must show that his authority is sufficient in law to protect him. See Mitchell v. Harmony, 13 How. 115; Bates v. Clark, 95 U. S. 204; Meigs v. McClung, 9 Cranch, 11; Wilcox v. Jackson, 13 Pet. 498; Brown v. Huger, 21 How. 305; Grisar v. McDowell, 6 Wall. 363. To this class belongs also the recent case of United States v. Lee, 106 U. S. 196, for the action of ejectment in that case is, in its essential character, an action of trespass, with the power in the court to restore the possession to the plaintiff is part of the judgment. And the defendants, Strong and Kaufman, being sued individually as trespassers, set up their authority as officers of the United States, which this court held to be unlawful, and therefore insufficient as a defense. The judgment in that case did not conclude the United States, as the opinion carefully stated, but held the officers liable as unauthorized trespassers, and turned them out of their unlawful possession."

[2] It will be observed that the present case is in no respect analogous to the Lee Case. Defendants have not committed trespass. They are not in possession of plaintiffs' premises, nor in a position to be "turned out of their unlawful possession." The fancied ouster of

which plaintiffs complain results, not from any action or possession of defendants, but from the fact that the foundation of a building belonging to the United States in which they are employed extends 4 feet 11 inches into the soil underneath plaintiffs' premises. Defendants are not in possession, and cannot, therefore, be put out. They are in the printing office, beyond the reach of any process that could possibly be issued, in the light of plaintiffs' broadest contention. What, then, would result from yielding to plaintiffs' demand? The destruction of the wall of a building belonging to the United States and in use by it. On any theory, therefore, the action is a suit against the United States.

With this disposition of the case, it is unnecessary to consider other objections raised, which clearly preclude ejectment, even if the suit were not against the United States.

The judgment is affirmed, with costs.

Affirmed.