# DISMUKE *v.* UNITED STATES.

No. 199.   Argued January 7, 1936.—Decided February 3, 1936.

*Mr. W. A. Bootle,* with whom *Mr. John J. McCreary* was on the brief, for petitioner.

*Mr. Alexander Holtzoff,* with whom *Solicitor General Reed, Assistant Attorney General Morris,* and *Messrs. Paul A. Sweeney* and *M. Leo Looney, Jr.,* were on the brief, for the United States.

MR. JUSTICE STONE delivered the opinion of the Court.

About June 30, 1933, petitioner filed a claim with the Administration of Veterans' Affairs for allowance of an annuity under the provisions of § 8 (a) of the Civil Service Retirement Act of June 16, 1933, 48 Stat. 283, 305, 5 U. S. C., § 692d, which authorizes payment of annuities, at a specified rate, under circumstances not now material, to retired government employees in the classified civil service who have rendered at least thirty years' service. His claim was rejected by the Director of Insurance, on the ground that his employment as a field deputy United States marshal from December 16, 1895 to April 30, 1902, which he had counted as a part of his thirty years' service, could not be so included, because field deputy marshals during that time were employees of the marshal appointing them, and not of the United States. Deducting this period, his total service was twenty-four years, which, if established in accordance with the provisions of the Act, would entitle him to an annuity at a lower rate, under § 7 of the Act of May 29, 1930, 46 Stat. 468, 474, 5 U. S. C., § 697a. On appeal the Board of Veterans' Appeals denied petitioner's application for the same reason.

In the present suit, brought in the district court under the Tucker Act, to recover accrued installments of the annuity based on the thirty-year period of service, and

for a declaratory judgment establishing petitioner's right to such annuity, the court gave judgment for petitioner. The Court of Appeals for the Fifth Circuit reversed, 76 F. (2d) 715, holding that the district court was without jurisdiction because the Retirement Act must be construed as committing the adjudication of claims under it solely to administrative officers, to the exclusion of the courts. This Court granted certiorari in view of the public importance of the questions involved.

(1) The government urges that the district court was without jurisdiction to entertain the suit. The Tucker Act of March 3, 1887, 24 Stat. 505, as amended by § 24 of the Judicial Code, c. 231, 36 Stat. 1087, 1093, 28 U. S. C., § 41, permitting suits against the United States, confers on the district courts jurisdiction "concurrent with the Court of Claims of all claims not exceeding ten thousand dollars founded upon . . . any law of Congress or upon any regulation of an executive department or upon any contract, express or implied, with the Government of the United States. . . ."

Section 8 (a) of the Retirement Act declares that, under conditions specified, the employee "shall be entitled to an annuity payable from the civil-service retirement and disability fund." The provision is mandatory, expressed in terms of the right of the employee, which is inseparable from the correlative obligation of the employer, the United States. The present suit to recover the annuity is thus upon a claim "founded upon a law of Congress" and is within the jurisdiction conferred upon district courts, as are suits to recover sums of money which administrative officers are directed by Act of Congress to "pay" or "repay." *Medbury* v. *United States*, 173 U. S. 492; *McLean* v. *United States*, 226 U. S. 374; *United States* v. *Hvoslef*, 237 U. S. 1, and see *United States* v. *American Tobacco Co.*, 166 U. S. 468. The declaration that the annuities are payable from the re-

tirement fund, which, by § 8 of the Act of May 22, 1920, 41 Stat. 618, is "appropriated for the payment of annuities," amounts to no more than a direction that they shall be charged on the books of the Treasury to the appropriation made for their payment. It does not impair or restrict the obligation to pay.

The Tucker Act declares that it shall not be construed as giving jurisdiction of "claims for pensions" or "of cases brought to recover fees, salary or compensation for services of officers of the United States." The government argues that the present suit must be either the one or the other. It does not press the contention that the annuities are "salary or compensation," which we think without merit, see *Retirement Board* v. *McGovern*, 316 Pa. 161; 174 Atl. 400, but it insists that the suit is brought to recover a pension. The proviso withholding jurisdiction of suits on claims for pensions was a part of the original Tucker Act, which became law March 3, 1887, long before the enactment of the Retirement Act of May 22, 1920, and at a time when the term "pensions" commonly referred to the gratuities paid by the government in recognition of past services in the Army or Navy. The annuities payable under the Retirement Act are not gratuities in that sense. The annuitant contributes to them by deductions from his salary or by actual payments into the fund, as in the present case, and the scheme of the Act is to provide for payment of annuities, in part at least from contributions by employees, in recognition both of their past services and of services to be performed.

The Act itself, in contradistinction to the numerous pension acts, see 38 U. S. C., does not refer to the annuities as pensions, and expressly excludes from the service to be counted, in determining the class to which the annuitant is to be assigned, the period for which the employee "elects to receive a pension under any law . . ." § 3, Act of May 22, 1920, 41 Stat. 615, 5 U. S. C.,

§ 707.  We conclude that annuities payable under the Retirement Act are not pensions within the meaning of the Tucker Act and that suits against the government to recover them are within the jurisdiction of district courts, if not precluded, as the court below held they are, by the administrative provisions of the Retirement Act.

(2) Although the Retirement Act does not, in terms, forbid employees to assert in the courts rights acquired under it, the government insists that such restriction is to be implied from the administrative provisions of the Act.  It points to the authority given the Commissioner of Pensions,[1] under direction of the Secretary of the Interior, to make rules and regulations for carrying the act into effect, § 17 of the Act of 1930, 46 Stat. 478, 5 U. S. C., § 707a, and to § 13 of the same Act, 5 U. S. C., § 703a, which prescribes the form of application for the annuity, the character of evidence to be presented in its support, and declares that upon receipt of satisfactory evidence the Commissioner of Pensions [1] shall forthwith adjudicate the claim of the applicant," and finally to the administrative appeals authorized by § 17.  From this it is argued that the prescribed application to the Commissioner, his adjudication, and the appeal from his decision to departmental officials, afford an exclusive remedy which precludes any resort to the courts for the recovery of the annuity.

The United States is not, by the creation of claims against itself, bound to provide a remedy in the courts.

[1] By Executive Order dated July 21, 1930, under § 1 of Act of July 3, 1930, 46 Stat. 1016, the functions of the Bureau of Pensions were transferred to the Veterans' Administration.  By Executive Orders Nos. 6670 and 6731, dated respectively April 7, 1934, and June 5, 1934, under § 16 of Act of March 3, 1933, 47 Stat. 1517, and Order of the Civil Service Commission dated August 24, 1934, the administration of the Civil Service Retirement Act was transferred from the Veterans' Administration to the Civil Service Commission, effective as of September 1, 1934.

It may withhold all remedy or it may provide an administrative remedy and make it exclusive, however mistaken its exercise. See *United States v. Babcock,* 250 U. S. 328. But, in the absence of compelling language, resort to the courts to assert a right which the statute creates will be deemed to be curtailed only so far as authority to decide is given to the administrative officer. If the statutory benefit is to be allowed only in his discretion, the courts will not substitute their discretion for his. *Williamsport Wire Rope Co. v. United States,* 277 U. S. 551; *United States v. Atchison, T. & S. F. Ry. Co.,* 249 U. S. 451, 454; *Ness v. Fisher,* 223 U. S. 683. If he is authorized to determine questions of fact his decision must be accepted unless he exceeds his authority by making a determination which is arbitrary or capricious or unsupported by evidence, see *Silberschein v. United States,* 266 U. S. 221, 225; *United States v. Williams,* 278 U. S. 255, 257, 258; *Meadows v. United States,* 281 U. S. 271, 274; *Degge v. Hitchcock,* 229 U. S. 162, 171; or by failing to follow a procedure which satisfies elementary standards of fairness and reasonableness essential to the due conduct of the proceeding which Congress has authorized, *Lloyd Sabaudo Societa v. Elting,* 287 U. S. 329, 330, 331. But the power of the administrative officer will not, in the absence of a plain command, be deemed to extend to the denial of a right which the statute creates, and to which the claimant, upon facts found or admitted by the administrative officer, is entitled. *United States v. Laughlin,* 249 U. S. 440, 443; *United States v. Hvoslef, supra; McLean v. United States, supra,* 378; *Parish v. Mac-Veagh,* 214 U. S. 124; *Medbury v. United States, supra,* 497, 498; see *Bates & Guild Co. v. Payne,* 194 U. S. 106, 109, 110.

The Commissioner is required by § 13, "upon receipt of satisfactory evidence" of the character specified, "to adjudicate the claim." This does not authorize denial of

a claim if the undisputed facts establish its validity as a matter of law, or preclude the courts from ascertaining whether the conceded facts do so establish it. The decisions of the Director of Insurance and the Board of Veterans' Appeals, and the stipulation of facts upon which the case was tried, show that the petitioner's claim for an annuity based on thirty years' service was rejected on the sole ground that his employment as a field deputy United States marshal could not be counted as service as an employee of the United States. The administrative decision thus turned upon a question of law, whether a field deputy marshal during the period from December 16, 1895 to December 30, 1902, was an employee of the United States. The administrative determination of that question is open to review in the present suit, and should have been considered and decided by the court below.

(3) We are of the opinion that a field deputy United States marshal from 1895 to 1902 was not an employee of the United States within the meaning of the Retirement Act. Before the Act of May 28, 1896,     252, 29 Stat. 140, 181, United States marshals were authorized to appoint deputy marshals, removable from office by the district judge or by the circuit court, R. S. § 780, who were to be paid a "proper" allowance, not to exceed three-fourths of the fees earned by them. R. S. § 841. Sections 9 and 10 of the Act of 1896 placed the marshal and office deputy marshals upon a salary basis, but § 11 authorized the marshal to appoint field deputy marshals to hold office during his pleasure unless sooner removed by the district courts, who should receive as compensation three-fourths of the fees, including mileage, earned by them. The status of a field deputy marshal under this legislation was therefore the same as that of all deputy marshals under the earlier Act. We regard the question whether such a field deputy marshal was an

employee of the government or of the marshal as settled by the decision and reasoning of this Court in *Douglas* v. *Wallace,* 161 U. S. 346, which held that, in view of the manner of a deputy marshal's appointment and payment, his claim for compensation had the status of that of a claim of an employee of the marshal, not of the government, and so was not affected by R. S., § 3477, declaring void any assignment of any interest in a claim against the United States. To the same effect are *United States* v. *McDonald,* 72 Fed. 898, 900; *Powell* v. *United States,* 60 Fed. 687; *Wintermute* v. *Smith,* 30 Fed. Cas. No. 17,897. This has been the administrative ruling since 1920, see Claim of George Taylor Larkin, recorded in 21 P. & R. D. 42. A construction of such long standing is not lightly to be overturned. See *United States* v. *Moore,* 95 U. S. 760, 763; *Logan* v. *Davis,* 233 U. S. 613, 627; *Maynard* v. *Elliott,* 283 U. S. 273; *Brewster* v. *Gage,* 280 U. S. 327, 336; *Fawcus Machine Co.* v. *United States,* 282 U. S. 375; *Interstate Commerce Comm'n* v. *New York, N. H. & H. R. Co.,* 287 U. S. 178; *Norwegian Nitrogen Products Co.* v. *United States,* 288 U. S. 294, 315. Later legislation providing for payment of annuities to employees of the United States must be taken to have been adopted in the light of it.

Since the record does not disclose any administrative determination of petitioner's right to an annuity computed on the basis of twenty-four years' service, the sole issue now presented is whether the decision that he was not entitled to the annuity calculated on the basis of thirty years' service was erroneous. The judgment of the court below must therefore be affirmed, but for reasons stated in this opinion and not those stated in the opinion of the court below.

*Affirmed.*