## WATSON v. UNITED STATES.
### No. 9033.

Circuit Court of Appeals, Fifth Circuit.

Nov. 10, 1939.

`Ben F. Ray, of Birmingham, Ala., for appellant.

Jim C. Smith, U. S. Atty., and Erle Pettus, Jr., Asst. U. S. Atty., both of Birmingham, Ala., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Plaintiff, an ex-employee of the Railway Mail Service, brought this suit against the United States, under the Tucker Act (28 U.S.C.A. § 41, par. 20), to recover the amounts credited to his individual account, under Chapter 14, Section 691 et seq., Title 5, U.S.C.A., Retirement of Civil Service Employees. His claim was that the sum sued for had been deducted and withheld from his pay, for credit to the Civil Service Retirement and Disability Fund, the Chapter created, and had been credited to his individual account, to be returned to him upon his "becoming separated from the service before becoming eligible for retirement on annuity." Alleging that he had been separated from the service, had made demand for the payment of said sums and that his demand had been denied,

he sued to recover $1,504.93 under that act, and also to recover $87.50 due him as salary.

The United States moved to dismiss the complaint for want of jurisdiction, as to (a) so much of the complaint as sued for salary, as a claim not suable under the Tucker Act, and (b) as to so much of it as sued for the return of the pay deductions for the Civil Service and Retirement Disability Fund, because the complaint fails to allege either a voluntary separation or an involuntary one, "not by removal, for cause on charges of misconduct or delinquency."

Plaintiff conceding the correctness of the order as it relates to the salary claim, appeals from it as it relates to the claim for pay deductions, insisting that his right to sue for it is settled by, Dismuke v. U. S., 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561. The Government pointing out, that in that case the suit was brought after the plaintiff's claim for the allowance of an annuity had been presented to, and finally acted on, by the Administrative Board, authorized under the Retirement Act, to hear and determine such claims, whereas here, plaintiff's suit is brought without first exhausting the Administrative remedies afforded him, insists that the Dismuke case is authority, not for, but against appellant. It makes the further insistence that Section 724(b), Title 5, U.S.C.A., furnishes the only warrant for appellant's claim, and that in order to claim under it, plaintiff, an involuntary separatee from the service, may not sue without pleading and proving that his separation was "not by removal for cause on charges of misconduct or delinquency."

■ We agree with appellee on its first point, that the complaint should have been dismissed for failure to allege that all administrative remedies provided had been exhausted. We pass without decision or discussion its second point; that the statute providing for credit to the employee's account, and for repayment to him of the amount credited, if he should become separated from the service before becoming eligible for retirement on annuity, limits the right of recovery of involuntary separatees to those separated "not by removal for cause on charges of misconduct or delinquency," and prevents those so separated from claiming or suing. Sections 709 and 725 respectively, Title 5, U.S.C.A., charge the Civil Service Commission with the Administration of the provisions of the chapter and authorize and direct it to perform all acts and make all rules and regulations necessary and proper for the purpose of carrying the provisions of the chapter into full force and effect, including the matter of payment of all annuities, refunds, and allowances claimed under it. The Civil Service regulations give the Retirement Division charge of the adjudication of all claims arising under retirement laws and of all matters concerned directly or indirectly with such adjudication. They make provision too, for the retirement divisions considering and taking appropriate action on counter claims filed by the Government as set offs against amounts in the retirement fund, involved in any claim, and generally make provision for the filing of initial claims and for appeals to the reviewing board.

■ We think it clear that the law and the regulations enacted pursuant to it make prior resort to the Commission, an essential prerequisite to suit, Dismuke v. U. S., supra. Plaintiff's complaint, wholly failing to allege resort to and exhaustion of the administrative remedies the act affords, was properly dismissed, and the judgment dismissing it is affirmed.

■ Because, however, the judgment of dismissal was general and the motion to dismiss presented grounds going both to the jurisdiction and to the merits, the order of affirmance will precisely show that the dismissal is affirmed because of the failure of the complaint to show that plaintiff had exhausted his administrative remedies, and will be without prejudice to the right, if any, plaintiff may have to sue if so advised, after his administrative remedies have been exhausted.

Affirmed.