**THOMAS et al. v. McDONALD, Internal Revenue Collector, et al.**

**No. 416.**

District Court, M. D. Pennsylvania.

June 22, 1940.

J. Donald Ryan, of Scranton, Pa., for plaintiffs.

Frederick V. Follmer, U. S. Atty., and Joseph P. Brennan, Asst. U. S. Atty., both of Scranton, Pa., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Frederick G. Rita, Sp. Assts. to Atty. Gen., for defendants.

JOHNSON, District Judge.

Plaintiffs filed their complaint to restrain the Collector of Internal Revenue from proceeding to collect certain transferee tax assessments levied against them, to cause the South Side Bank & Trust Co. to pay over to plaintiffs certain sums held subject to the liens of these transferee tax assessments, and to secure a declaration that these tax liens are void and that the Attorney General of the United States should therefore institute proceedings to strike said liens from the record. There is nothing in the complaint to show whether plaintiffs are attacking the assessments as illegal, or whether they are attacking the amount of the assessments. There is also nothing in the complaint showing the value of the property against which the assessments have been made liens compared with the amount of the assessments levied against them. Defendants moved to dismiss the complaint for five reasons: (1) Section 3653(b) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, 3653(b), prohibits the maintenance in any court of a suit for the purpose of restraining the assessment or collection of the amount of the liability at law, or in equity, of a transferee of property of a taxpayer; (2) the complaint fails to allege facts sufficient to entitle plaintiffs to equitable relief; (3) it appears on the face of the complaint that plaintiffs have a plain, adequate and complete remedy at law; (4) this court has no jurisdiction of a suit for declaratory judgment with respect to a federal tax; (5) the cause of action against the United States of America is not one of which this court has jurisdiction.

The Supreme Court of the United States has confirmed the constitutionality of assessments against transferees: Phillips v. Commissioner, 283 U.S. 589, 51 S. Ct. 608, 75 L.Ed. 1289, and by the same authority the government can proceed summarily to collect such assessments against the transferees. Injunctive suits to prevent the collection of these assessments are forbidden as contended by the government, except in those rare cases where the transferee shows exceptional and extraordinary circumstances sufficient to bring his case within some acknowledged head of equity jurisprudence: Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Allen v. Regents, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448. There is no showing of exceptional or extraordinary cir-

cumstances stated in the complaint filed in this case.

A transferee may contest his liability either by paying the assessment and suing to recover the payment, or by availing himself of the provisions for immediate redetermination of the liability by the Board of Tax Appeals, and thereby have adequate legal remedy: Phillips v. Commissioner, 283 U.S. 589, 597, 598, 51 S.Ct. 608, 75 L.Ed. 1289. Plaintiffs rely on Trinacia Real Estate Co. v. Clarke, Collector of Internal Revenue, D.C., 34 F.2d 325, to maintain their injunctive suit here. In the Trinacia case there was a showing that the value of the property against which assessments were levied was $54,000, and the assessments totaled $112,178.17. Because of this, and other facts not found in the present case, the court found the legal remedies of plaintiffs inadequate and granted injunction. The facts of that case are quite different from those before the court now, and the case does not control here.

From all that appears on the record this action is barred by the provisions of section 3653(b) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 3653(b), and as set forth above, the complaint does not state facts entitling plaintiffs to equitable relief. The complaint does not state a cause of action against the defendants cognizable in this court.

Further, one defendant, the United States of America, is not a proper defendant, since there is no statute under which the United States consents to be sued in this type of action, and it is clear that the United States can be sued only when it has so consented: United States v. Clarke, 8 Pet. 436, 443, 444, 8 L.Ed. 1001; Dismuke v. United States, 297 U. S. 167, 171, 172, 56 S.Ct. 400, 80 L.Ed. 561.

Also, since no cause of action is alleged against the Collector and the United States, there remains no cause of action against defendant South Side Bank & Trust Co., and hence the complaint must be dismissed as to it.

Therefore, for the foregoing reasons, it is ordered that the motion to dismiss the complaint in this case be, and the same is hereby, granted, and the said complaint be, and the same is hereby, dismissed.