## THOMPSON et al. v. YOUNG et al.
### Civ. A. No. 26644.

District Court of the United States for the District of Columbia.

Jan. 24, 1945.

888

See, also, 63 F.Supp. 890.

Leslie C. Garnett and Laurence H. Green, of Washington, D. C., for plaintiffs.

Richmond B. Keech, Vernon E. West and Lee F. Dante, all of Washington, D. C., for defendants.

McGUIRE, Associate Justice.

Motion to dismiss denied.

This is a complaint for a money judgment and mandatory injunction brought by a widow of a member of the Metropolitan Police Force, on *military leave*, and *who* died in the military service.

The complaint is brought in her own right and as next friend of her three children—all minors and under the age of 16.

The facts are brief and simple: After the death of her husband, a Lieutenant in the Marine Corps who died in New Zealand on June 17, 1942 (Thompson had enlisted in the Marine Corps Reserve in 1929 while a member of the police force and remained in reserve status until called to active duty in November of 1940, when he went on military leave), the widow made timely application for a pension to the Police and Firemen's Retiring and Relief Board under the provisions of Title 4, Sec. 507, D.C.Code, Ed.1940. This application was denied by the Board and its findings approved by the Commissioners on August 24, 1942. This action followed.

The pertinent section of the statute involved reads as follows: *"In case of the death* of any member of the police department or of the fire department of the District of Columbia, before or after retirement from the service thereof, leaving a widow, or a child or children under sixteen years of age, the widow shall be *entitled to receive* relief from the said policemen and firemen's relief fund, District of Columbia, in an amount not exceeding $60 per month, and each child under the age of sixteen years in an amount not exceeding $10.00 per month." (Italics supplied.)

The part of the section immediately preceding (Title 4, Sec. 507, supra) provides for retirement on application for officers "disabled through injury received or disease contracted in the line of duty as to incapacitate * * *" and under other circumstances not material here.

It is argued therefore that the part entitling relief to the widow and children in case of death must be read in pari materia and construed to mean death as a result of *injury* or *disease sustained* or *contracted* in line of duty.

█ I cannot agree. The section cited together with others with which we are not directly concerned constitute the pension system of the District of Columbia for policemen.

They all have their origin in the act of February 23, 1885, 23 Stat. 316, chap. 145. This act created a police fund to "be used for the relief of any policeman who, by injury received or disease contracted in line of duty, or having served not less than fifteen years, shall become so permanently disabled as to be discharged from service therefor; and in case of his death from such injury or disease, leaving a widow or children under sixteen years, for their relief." The relief provided by this act "shall not exceed for any one policeman or his family the sum of fifty dollars per month."

This is substantially the provision as found in the present law (Title 4, Sec. 507, supra) with this notable exception; the clause "in case of his death from such injury or disease, leaving a widow * * *" is changed, in that there is no qualifying or limiting language with reference to the phrase "in case of the death."

This appeared for the first time in the District of Columbia appropriation bill for the fiscal year 1917 which became law September 1, 1916, 39 Stat. 718; ch. 433, Sec. 12, Title 4, Sec. 507, D.C.Code Ed.1940, and has remained an integral part of the police pension law ever since.

True, the District Court of last resort in construing the section as it was previous to the 1916 change, has held that it must be read pari materia with the paragraph which immediately preceded it and in relation to the original act of 1885—and that the words "in case of the death from injury or disease" meant a service connected injury or disease. Rudolph v. United States ex rel. Stuart, 1911, 36 App.D.C. 379.

To argue that the section as now worded with the qualifying or limiting language left out must be so read and construed is to torture a meaning from words, in themselves plain and unambiguous, and with a connotation neither latent nor occult. The change is plain both in terms and on its face.

Nor does the legislative history of the section with reference to it shed light of different character upon the subject. Apparently there was neither committee hearing, or report with respect to it.[1]

Counsel for the District has cited in support of its contention—that the statute should be so construed—Beach v. United States, 79 U.S.App.D.C. 208, 144 F.2d 533 —in which the dictum of Mr. Justice Frankfurter in his dissenting opinion in the so-called Monia case (United States v. Monia, 317 U.S. 424–431, 63 S.Ct. 409, 87 L.Ed. 376) is cited with approval and emphasis. This was rejected by the Court.

 But even applying the test of the dictum in the Monia case (having in mind it was rejected by the majority of the Court because it presumably represented a repudiation at least by implication, of the canon that where a law is plain and unambiguous, the legislature is presumed to have intended what it plainly expressed) and applying also the well established principle of statutory construction that every part is to be considered and the legislative intent gleaned from the whole enactment, I find nothing repugnant to the construction here made.

 Again the statute is remedial and entitled to liberality of construction.

 Counsel for the District has laid great emphasis and stressed at length that the plaintiff is not within the purview of the section. Apparently the Board, and Commissioners were of the same opinion, with which the Court disagrees. The motion to dismiss as indicated is denied and the application is to be viewed as one properly made by a person *legally wthin the class designated by the statute and entitled as a consequence to a hearing on the merits* and is not to be summarily rejected, as apparently was done, on the ground that plaintiff had no legal right (because of the circumstances of her husband's death) to apply although the order of rejection is silent as to reasons.

 Most certainly however the plaintiff is not entitled to a money judgment—and in view of the broad discretion vested in the Commissioners under other sections of the statute this Court has no authority to review their action—but they can be compelled to follow the law, where the meaning is so plain that there can be no reasonable difference of opinion regarding its construction. · There is no room here it seems to me, for any other interpretation of the section in question than that now placed upon it.

[1] On August 3, 1916 (64th Congress, 1st Session, Record p. 12024) the late Senator La Follette introduced in the Senate an amendment to the D. C. Appropriations Bill for the year 1917, which read in part as follows: "In case of the death of any member of the fire department of the District of Columbia before or after retirement from the service thereof from injury received or disease contracted in the line of duty, leaving a widow, or a child or children under 16 years of age, or a dependent father or mother, or both, the same shall be entitled to relief from the firemen's relief fund as follows. * * *" The Committee Member in charge of the bill on the floor announced that the Committee interposed no objection to this amendment and the amendment, together with several hundred other amendments to the bill, and the bill itself in amended form was passed by the Senate. Later that same day (Record supra p. 12057) Senator La Follette asked that the bill be reconsidered in view of the fact that the amendment he had proposed was a "mere draft". The Motion for reconsideration was granted whereupon Senator La Follette withdrew that amendment and submitted another amendment which read in part as follows: "In the case of the death of any member of the Police Department or the Fire Department of the District of Columbia, before or after retirement from the service thereof, leaving a widow, or a child or children under 16 years of age, the widow shall be entitled to receive relief from the said Policemen and Firemen's Relief Fund of the District of Columbia, in an amount not exceeding $35.00 per month, and each child under the age of 16 years in an amount not exceeding $10 per month, and in no case shall the amount paid to any one family exceed the sum of $50.00 per month. * * *" With this amendment, the bill was again passed by the Senate.