890

## THOMPSON et al. v. YOUNG et al.
### Civ. A. No. 26644.

District Court of the United States for the District of Columbia.

Dec. 11, 1945.

See, also, 63 F.Supp. 887.

Leslie C. Garnett and Laurence H. Green, both of Washington, D. C., for plaintiffs.

Richmond B. Keech, Corporation Counsel, Vernon E. West, Principal Asst. Corporation Counsel, and Lee F. Dante, Asst. Corp. Counsel, all of Washington, D. C., for defendants.

BAILEY, Associate Justice.

The plaintiff Nan A. Thompson is the widow and the remaining plaintiffs are the children of the late Myron E. Thompson, who was a member of the Metropolitan Police Force. While a member of that force he enlisted in the Marine Corps Reserve. In November 1940 he was called to active duty as a Lieutenant in the United States Marine Corps. He was then granted leave of absence without pay for two years by the defendants, the Board of Commissioners of the District of Columbia, in order that he might report for active duty in the Marine Corps. In June 1942 he died in New Zealand in the line of duty as an officer of the United States Marine Corps.

The plaintiff Nan A. Thompson in her own behalf and as next friend of the infant plaintiffs made application to the Policemen and Firemen's Retiring & Relief Board for a pension under the law, which provided that in case of the death of any member of the police department, before or after retirement from the service thereof leaving a widow or children under sixteen years of age, the widow and children

should be entitled to relief in an amount not exceeding $60 per month for the widow and $10 per month for each child. D.C. Code 1940, § 4—507. This application was denied by the defendants, who compose the Board of Commissioners of the District of Columbia, and thereupon the plaintiffs brought this suit.

The defendants moved to dismiss the complaint on the grounds that it did not state a cause of action and that the court had no jurisdiction of the subject matter. This motion was overruled by Mr. Justice McGuire, 63 F.Supp. 887, and the defendants then filed their answer. The answer really raises no new questions of fact other than to deny that the decedent Myron E. Thompson was a member of the police force at the time of his death. The decision on this point is a question of law upon facts as to which there is no real dispute.

The defendants and the plaintiffs have filed motions for summary judgment.

The motion of the defendants is based upon the following grounds:

I. The action of the Commissioners in denying the application of plaintiffs for relief is not subject to review because the granting or denying of that application is discretionary with the defendants.

■ The contention has been disposed of by the opinion of Justice McGuire in overruling the motion of the defendants to dismiss the complaint. It may be said, in addition, that the relief sought by the plaintiffs is not for a gratuity, but from a fund created in part, at least, by the contributions of her deceased husband. Talbott v. Independent School District, 230 Iowa 949, 299 N.W. 556, 137 A.L.R. 234; Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561. Also, if the defendants have any discretion in determining whether the plaintiffs are entitled to relief, having admitted the death of her husband, there is nothing other than the amount to which she may be entitled, left that is subject to the exercise of discretion. See Perkins v. Elg, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320.

II. That plaintiff is not entitled to relief because her husband did not die from injury or disease contracted in line of duty as a policeman. This point has been entirely disposed of in the opinion of Justice McGuire, with which I am in entire concurrence.

■ III. That plaintiff is not entitled to relief because her husband was not a member of the Police Department at the time of his death. While it would seem that this question also was necessarily disposed of in the opinion of Justice McGuire, the defendants nevertheless earnestly renew their contention. The decedent Myron E. Thompson was granted *leave of absence without pay*. Apart from any extrinsic consideration, the natural meaning of this language is not that he was no longer in the service of the Police Department, but that he was temporarily excused from performing his active duties as a policeman. This view is strengthened by the fact that other members of the police force in the armed service have been examined for promotion while in the army and have been given credit for the time served in the army for purposes of seniority and promotion. The defendants urge that the decedent only had the right to apply for his former position after his discharge from the Marine Corps. His death, however, prevented his return. His leave of absence was in the nature of a furlough and did not terminate his membership in the police force. He did not "retire" from the police force. This is inconsistent with the contention that they do not remain members of the police force. Counsel have cited various authorities on this question, but I have not found them very helpful. In the situation of a judge who joins the military service his place must necessarily be filled in his absence. This is not the situation here.

It is of interest to note that Congress has recently amended the Retirement Act, 5 U.S.C.A. § 691 et seq. (although this does not apply to the Police Department of the District of Columbia), providing that no officer or employee to whom that act applies, who has left his position to enter the armed forces shall be considered as separated from his position by reason of his service in the armed forces.

In fact I think that the whole case has been settled by the opinion of Mr. Justice McGuire.

■ As there is no material issue of fact in this case, the motion of the plaintiffs for a summary judgment requiring the defendants to place them on the Pension Roll of the Police Department will be sustained. I do not undertake to designate the amount of money to which they are en-

titled. That may be a question within the discretion of the defendants. It has been suggested in one of the defendants' briefs that the defendants might fix that sum at one dollar per month. Such an amount might be such an abuse of discretion as would justify the intervention of the court, but it is not to be assumed that the defendants would discriminate to that extent against this widow and children of one who died while in the service of his country.

The motion of the defendants for a summary judgment will be overruled.