ELLIS, Judge.
This is a succession proceeding in which the administrator of the Succession of George White and his brother, Arthur White, caused an inventory of the property and effects of the deceased to be made, which inventory revealed but one asset. This was a claim by the heirs to a lump sum allegedly due them under 45 U.S.C.A. § 228e(f) known as the Railroad Retirement Act.
The administrator made demand on the United States of America Railroad Retirement Board of the payment of the lump sum provided for in § 228e(f) (2) of Title 45 of the U.S.C.A.
On the 6th day of July, 1956 a rule nisi was issued at the administrator’s request, directed to the United States of America Railroad Retirement Board to show cause why the amount of $1,000 should not be released by the Retirement Board to the duly appointed administrator of the Estate of George White.
On July 13, 1956, the United States of America Railroad Retirement Board wrote a letter to the Clerk of Court of the Twenty Second Judicial District Court which, inter alia, stated there were, in addition to the claim of the brothers and sisters of George White, two women applying for the benefits under the act. The letter also stated:
“By way of general information, I may say that the Board’s Bureau of Retirement Claims, the initial adjudicating unit within the board, is now considering the applications of the two *69 women each of whom claims to he Mr. White’s widow. If it is determined that the employee was not surviving by a widow or by any other person entitled to an award of benefits with respect to Mr. White’s death, but only in that event a residual lump sum benefit would under certain circumstances be awarded to Mr. White’s ‘estate’ (45 U.S.C. 1952 ed., § 228e(f) (2). Until the determination is made, however, that there are no such survivors, no such award can be made and nothing is payable to the estate. I may say further that the question of whether Mr. White was survived by any person or persons entitled is now under active consideration.
“Aside, therefore, from any question as to the jurisdiction of the Court to subject the United States through its Railroad Retirement Board to the Court’s jurisdiction, in the absence of any federal statute waiving the Government’s immunity to suit, and aside from the question as to proper service of such process upon the Board (20 C.F.R.(1949 ed.) § 262.-16(f), it is obvious that the rule on this Board dated July 6, 1956 should be dismissed * * *
The lower court rendered judgment on July 20, 1956 dismissing the rule and from this judgment the administrator has appealed.
The prime contention of the appellant is that the Retirement Board should pay into the registry of the Twenty Second Judicial District Court the lump sum due the heirs of George White, it being the court having the situs of the succession proceedings. There is also a contention by appellant’s that “the United States Railroad Retirement Board is an independent agency in the executive branch of the United States of America (45 U.S.C. 1952 ed., Sec. 228j) and is charged with the administration of the Railroad Retirement Act * * *
Appellant asserts that the Railroad Retirement Board has a claim in its possession and that the claim is a property right of the Succession, the Twenty Second Judicial District Court having jurisdiction of the succession, it therefore has jurisdiction over the property right of the succession held by the United States of America Railroad Retirement Board.
The applicable portions of the Act in' question are as follows: 45 U.S.C.A. § 228e(f) (1, 2):
“Upon the death, on or after January 1, 1947, of a completely or partially insured employee who will have died leaving no widow, widower, child, or parent who would on proper application therefor be entitled to receive an annuity under this section for the month in which such death occurred, there shall be paid a lump sum of ten times the employee’s basic amount to the following person (or if more than one there shall be distributed among them) whose relationship to the deceased employee will have been determined by the Board, and who will have been living on the date of such determination: to the widow or widower of the deceased; or, if no such widow or widower be then living, to any child or children of the deceased and to any other person or persons who, under the intestacy law of the State where the deceased will have been domiciled, will have been entitled to share as distributees with such children of the deceased, in such proportions as is provided by such law; or, if no widow or widower and no such child and no such other person be then living, to the parent or parents of the deceased, in equal shares. ij< * ‡ »
“Whenever it shall appear, with respect to the death of an employee on or after January 1, 1947, that no benefits, or no further benefits, other than benefits payable to a widow, widow *70 er, or parent upon attaining age sixty-five at a future date, will be payable under this section, or pursuant to subsection (k) of this section, under section 402 of Title 42, there shall be paid to such person or persons as the deceased employee may have designated by a writing filed with the Board prior to his or her death, or if there be no designation, to the person or persons in the order provided in paragraph (1) of this subsection or, in the absence of such person or persons, to his or her estate, a lump sum in an amount equal to the sum of 4 per centum of his compensation paid after December 31, 1936, and prior to January 1, 1947, and 7 percentum of his compensation after December 31, 1946 * * *'»
§ 228k:
“Decisions of the Board determining the rights or liabilities of any person under sections 228a to 228c — 1, 228e-228h, 228i-228p, 228r, and 228s of this title shall be subject to judicial review in the same manner, subject to the same limitations, and all provisions of law shall apply in the same manner as though the decision were a determination of corresponding rights or liabilities under chapter 11 of this title except that the time within which proceedings for the review of a decision with respect to annuity, pension, or lump-sum benefit may be commenced shall be one year after the decision will have been entered upon the records of the Board and communicated to the claimant. * * *»
§ 355(f):
“Any claimant, or any railway labor organization organized in accordance with the provisions of the Railway Labor Act, of which claimant is a member, or any other party aggrieved by a final decision under subsection (c) of this section, may, only after all administrative remedies within the Board will have been availed of and exhausted, obtain a review of any final decision of the Board by filing a petition for review within ninety days after the mailing of notice of such decision to the claimant or other party, or within such further time as the Board may allow, in the United States court of appeals for the circuit in which the claimant or other party resides or will have had his principal place of business or principal executive office, or in the United States Court of Appeals for the Seventh Circuit or in the United States Court of Appeals for the District of Columbia. A copy of such petition, together with initial process, shall forthwith be served upon the Board or any officer designated by it for such purpose. Service may be made upon the board by registered mail addressed to the Chairman. * * * Upon such filing the court shall have exclusive jurisdiction of the proceeding and of the question determined therein, and shall give precedence in the adjudication thereof over all other civil cases not otherwise entitled by law to precedence. * * *” (All emphasis in the above quoted sections added.)
The act in question, §§ 228a-228y, deals with the retirement of railroad employees, the benefits accruing, and to whom these benefits are due, etc.
As quoted, supra, in § 228k the decisions of the Board are subject to judicial review, the manner of review being referred to Chapter 11 of Title 45 (see emphasis).
That portion of Chapter 11 in Title 45 which deals with judicial review is § 355 (f) which prescribes fixed procedures after exhausting the administrative remedies for appealing the board decisions to the United States Circuit Court of Appeal.
There are no provisions in the act providing for decisions of the State courts to *71 determine the persons entitled to benefits, under the act.
That, portion of the Act referring to “the intestacy law of the State” could not he interpreted as a waiver of the immunity by the Railroad Retirement Board from being sued in a state court.
This view is supported by United States v. Jacobs, D.C.Ala.1951, 100 F.Supp. 189. Therefore, if the Railroad Retirement Board has not submitted to the jurisdiction of the Twenty Second Judicial District Court of Louisiana, either by an express waiver of the Board or by Act of Congress, the contention of the appellant must fall and the dismissal by the lower court in this case was correct.
Since it is decided that the State Courts do not have jurisdiction over the Railroad Retirement Board, it is unnecessary to determine the other questions raised by appellant.
For the reasons above assigned the Judgment of the District Court is hereby affirmed.