TATE, Judge.
In a previous appearance before this court, 94 So.2d 68, we rejected the attempt of the Administrator of the Succession of George White to rule the National Railroad Retirement Board into court to deposit for administration by the succession the $1,000 allegedly due the beneficiaries of the decedent under the federal Railroad Retirement Act, 45 U.S.C.A. 228a et seq.
Subsequent to those proceedings the Railroad Retirement Act paid the $1,000 benefits to Lillian Celestine White as, according to its determination, the legal widow of decedent. The present appeal results from the succession administrator’s subsequent attempt to rule her into court to turn over the $1,000 so received by her to decedent’s succession as the decedent’s separate property, the administrator also alleging that the defendant is not the legal widow of decedent.
We think the District Court correctly dismissed the present rule by the administrator of the decedent’s estate.
As stated in our previous opinion, the federal statute creating the benefits claimed by appellant herein provides that the right to such benefits shall be determined primarily by the National Railroad Retirement Board and further vests exclusive jurisdiction for judicial review of final determinations by said Board, after exhaustion of all administrative remedies, with the United States Court of Appeals for the circuit in which the claimant or other party contesting the order resides. 45 U.S.C.A. 355(f, g).
The appellant is relegated to his statutory remedy to secure the statutory right he seeks to assert herein. This Court is without jurisdiction to entertain this collateral attack upon the adjudication made by the Railroad Retirement Board.
Perhaps the basic error upon which able counsel for appellant proceeds is the assumption that the federally created railroad retirement benefits which the succession administrator seeks to recover herein are necessarily an asset of decedent’s estate and, as such, to be administered under State community property and inheritance law.
While the retirement or survivors’ benefits, once vested by the occurrence of the statutory conditions, become a property right which may be asserted in the courts (at least, in the forums designated by statute), Dismuke v. U. S., 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561; Ewing v. Gardner, 6 Cir., 185 F.2d 781; until so vested, “any claim of the beneficiary is a mere expectancy created by the law,” Freeman v. Railroad Retirement Board, 5 Cir., 192 F.2d 51, 52, certiorari denied 343 U.S. 909, 72 S.Ct. 640, 96 L.Ed. 1326. “The right to benefits under railroad retirement statutes, and the eligibility of particular individuals for such benefits, are to be determined in accordance with the statutory provisions.” 81 C.J.S. Social Security and Public Welfare § 50, p. 92.
Under 45 U.S.C.A. § 228e(f) (2), the right or eligibility of decedent’s estate to obtain the lump-sum payment under the act arises only in the absence of surviving widow, child, parent, or beneficiary specially-designated by the decedent. The national Railroad Retirement Board’s determination that the appellant, as representative of the estate of decedent, does not possess the statutory right or eligibility to receive the statutory benefits is subject to review in the manner and within the time limit provided *357 by the statute creating the alleged right or eligibility, 45 U.S.C.A. §§ 228k, 355(f);' and not by this court.
For the above and foregoing reasons, the judgment of the District Court herein dismissing plaintiff’s rule is affirmed.
Affirmed.