Kenneth F. SANTOR, Plaintiff,

v.

Rogers C. B. MORTON, Individually and as Secretary of the Interior, et al., Defendants.

Civ. No. 5949.

United States District Court, D. Wyoming.

Nov. 15, 1974.

James R. Learned, Cheyenne, Wyo., for plaintiff.

Richard V. Thomas, U. S. Atty., Cheyenne, Wyo., for defendants.

**1266**

MEMORANDUM

KERR, District Judge.

The above entitled matter came on regularly as scheduled for review of a decision by the Secretary of the Interior. Counsel for the parties appeared at the hearing, at which time it was mutually agreed that the matter would be submitted on briefs. The Court is confronted at the threshold by the defendants' contention that jurisdiction is lacking.

From the record, this action involves a review of a decision of the Secretary of the Interior, by a subordinate thereof, refusing to reinstate an oil and gas lease. The annual rental on the lease was due on or before January 2, 1973, but payment was not received until January 16, 1973. Plaintiff asserts that the payment was not timely due to an earthquake having destroyed his offices in February 1971, thereby causing confusion in his business affairs which resulted in the late payment. The Interior Board of Land Appeals found that the earthquake lacked "sufficient proximity and causality" so as to be a justifiable excuse for the late payment. It is to be noted that plaintiff, in December, 1971, made full and timely payment for the lease year of 1972.

The Mineral Lands Leasing Act, 30 U.S.C.A. § 188(b) states that "[U]pon failure of a lessee to pay rental on or before the anniversary date of the lease, for any lease on which there is no well capable of producing oil or gas in paying quantities, the lease shall automatically terminate by operation of law. . . ." The leased premises here in dispute comply with the foregoing conditions. Section 188(c) further provides:

"Where any lease has been or is hereafter terminated automatically by operation of law under this section for failure to pay on or before the anniversary date the full amount of rental due, but such rental was paid on or tendered within twenty days thereafter, and it is shown to the satisfaction of the Secretary of the In-

terior that such failure was either justifiable or not due to a lack of reasonable diligence on the part of the lessee, the Secretary may reinstate the lease . . . ."

By virtue of the foregoing, it is clear that the Secretary of the Interior, where payment is not made prior to the anniversary date of the lease, has discretionary authority in determining whether or not to reinstate the lease. Plaintiff asserts that this Court has jurisdiction pursuant to various statutes, not all of which are discussed below. Defendants contend that the action is not reviewable and that the Court lacks jurisdiction.

■ From the many cases on review of administrative action it would appear that there presently exists a presumption of reviewability unless legislative intent to the contrary is shown or some unique circumstances dictate against reviewability. See Dismuke v. United States, 297 U.S. 167 56 S.Ct. 400, 80 L.Ed. 561 (1936); Stark v. Wickard, 321 U.S. 288, 64 S.Ct. 559, 88 L.Ed. 733 (1944); cf. Decatur v. Paulding, 39 U.S. (14 Pet.) 497, 10 L.Ed. 559 (1840).

■ Plaintiff claims that jurisdiction is present for this Court to review the final agency action by virtue of the Federal Administrative Procedure Act, 5 U.S.C.A. § 701 et seq. This Act allows review of agency action "[E]xcept to the extent . . . agency action is committed to agency discretion by law." Although the conclusion is clear that some discretionary power exercised by agencies is so far "committed" to agency action as to be unreviewable and some is not, the dilemma lies in attempting to distinguish what action is so committed and what is not. If the controversy merely "involves" agency discretion, as opposed to being "committed" to agency discretion, the matter is reviewable. See Ferry v. Udall, 336 F.2d 706 (9th Cir.), cert. denied 381 U.S. 904, 85 S.Ct. 1449, 14 L.Ed.2d 286 (1965). This Court may, pursuant to 5 U.S.C.A. § 706, set aside agency action found to be an abuse

of discretion. Where there is "law" to apply the above exception to the general rule of reviewability does not apply. Here the statutes in question, the regulations implementing them, and other decisions of the courts and of the Interior Board of Land Appeals provide the law which this Court may employ in reviewing the administrative action. See 43 C.F.R. § 3108.1 et seq. "Plainly, there is 'law to apply' and thus the exemption for action 'committed to agency discretion' is inapplicable." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 413, 91 S.Ct. 814, 822, 28 L.Ed.2d 136 (1971). In thus finding jurisdiction to review the decision that merely "involves" jurisdiction, the Court further finds that three basic principles support this finding: (1) that limited judicial review does not weaken the administrative process but strengthens it; (2) that a cardinal principle is that functions should be allocated on the basis of comparative qualifications; and, the Court is well-suited to interpret statutes and regulations and in assuring that discretion is not abused; (3) that an independent balance of administrative action is usually desirable for the same reasons that appellate courts act as a balance to trial courts.

Having thus determined that the decision is reviewable, the Court must determine whether there was an abuse of discretion. The Court finds that there was not any abuse, and that the decision was not arbitrary or capricious. The record reveals that the earthquake occurred almost two years prior to the anniversary date for which the delinquent payment was made. Between the time of this natural disaster and the due date of January 2, 1973, plaintiff made one other rental payment, in December 1971. Thus the finding that the earthquake lacked "sufficient proximity" is substantially supported by the evidence and the record supports the finding of lack of diligence on the part of plaintiff.

The motion for summary judgment filed by and on behalf of the defendants is granted and an order will be entered accordingly.