The ESTATE of Pedro ARROYO GONZÁLEZ, represented by Ulises Arroyo Rivera, et al., Plaintiffs,

v.

Frank WADSWORTH, Chief, U. S. Forest Service, Department of Agriculture, et al., Defendants.

Civ. No. 74–1338.

United States District Court, D. Puerto Rico.

Dec. 29, 1976.

cestor owned at the time of the Spanish-American war and of which he was deprived by virtue of an Act of Congress that authorized the President of the United States to reserve for public use by the government of the United States certain lands in Puerto Rico including those of plaintiffs' ancestor. Plaintiffs also name as codefendant Mr. Frank Wadsworth, the Chief U. S. Forest Service, Department of Agriculture, alleging he presently detains those lands which now form part of the Caribbean National Forest under his jurisdiction.

The jurisdictional basis alleged in the complaint is 28 U.S.C. § 1331, although in opposition to defendants' motion to dismiss for lack of jurisdiction, plaintiffs further allege jurisdiction under 28 U.S.C. § 1346(a)(2) and (b). ·

In essence, defendants' motion is to the effect that the United States cannot be sued without its consent. Defendants are correct; 28 U.S.C. § 1331 confers original jurisdiction on the district courts of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States. However, the United States is not, by acts giving rise to claims against it, bound to provide a remedy in the courts for enforcement of those claims. *Dismuke v. U. S.*, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561. In other words, without specific statutory consent, no suit may be brought against it. *Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15. Therefore, as held in *Anderson v. U. S.*, 5 Cir., 229 F.2d 675, Section 1331 of Title 28 cannot be relied on for an action against the United States even if the alleged rights are founded in the Constitution, since it is not a statute consenting to judicial action against the United States. The same holds true with respect to the veiled allegation made in the complaint that the actions of the United States constitute a breach of the Treaty of Peace which concluded the Spanish-American war. Neither a district court nor the Court of Claims has jurisdiction of

José L. Gándara, Old San Juan, P. R., for plaintiffs.

Julio Morales Sánchez, U. S. Atty., San Juan, P. R., for defendants.

## OPINION AND JUDGMENT

PESQUERA, District Judge.

This is an action brought by the heirs of Pedro Arroyo González to recover from the United States certain lands which their an-

an action against the United States on a claim based on violations of a treaty with a foreign government. See *George E. Warren Corp. v. United States*, 2 Cir., 94 F.2d 597, where it was held that statutes which are enacted subsequent to treaties and in violation thereof, prevail over treaties in establishing the law for the courts, and that whether a treaty has been broken or what remedy shall be given is a matter which the two sovereign states must determine by diplomatic exchanges and the courts may not determine such questions whether the alleged violation be by statute or by acts of an executive officer.

■ As stated, in their opposition to defendants' motion to dismiss, the plaintiffs claim this Court has jurisdiction under 28 U.S.C. § 1346(a)(2) and (b). When private property is taken, as it is alleged in this case, a claim for just compensation has the moral sanction of an express constitutional guarantee, and it is not surprising that there is a standing consent to that kind of suit under the provisions of 28 U.S.C. § 1346(a)(2) and 28 U.S.C. § 1491. However, jurisdiction under 28 U.S.C. § 1346(a)(2) is limited to actions not exceeding $10,000. Therefore, as provided in 28 U.S.C. § 1491, the jurisdiction for this type of case seems to be in the Court of Claims if the action does not grow out of or is dependent upon any treaty entered into with foreign nations. See 28 U.S.C. § 1502.

As to 28 U.S.C. § 1346(b), which together with other provision constitutes the Federal Tort Claims Act, it is sufficient to say that the instant case is not an action for damages based on negligence.

■ It has been mentioned that plaintiffs in their effort to avoid dismissal of the complaint have also claimed that their action is not against the United States but rather against an officer. Such claim may be disposed of by considering the single point that this action is in effect a suit against the United States. Codefendant Wadsworth is an employee of the United States and it is clear that the action is against property owned by the United States and used for a public purpose. The

immunity of the United States against suit except by its consent, is not only personal but extends to its property, and it applies to the same extent whether the rights of the United States are affected in a suit directly against it or against its officers or agents.

"The question whether the United States is a party to a controversy is not determined by the merely nominal party on the record, but by the question of the effect of the judgment or decree which can be entered."

*Minnesota v. Hitchcock*, 185 U.S. 373 at 387, 22 S.Ct. 650 at 656, 46 L.Ed. 954. See also *Walker v. Ford*, 50 App.D.C. 225, 269 F. 877.

"When property rights of the government are challenged, the Court despite strong schollarly criticism, is now firmly committed to the doctrine that suits, though in form against the officer, are in reality against the United States and thus barred by the sovereign immunity." Wright Fed. Courts 2nd Ed. 71.

For the above stated reasons, it is ORDERED, ADJUDGED and DECREED that the instant case be and it is hereby dismissed for lack of jurisdiction.