**UNITED STATES of America,**
**Appellant,**

v.

**Oren E. CUMMINS, Appellee.**

**No. 16005.**

United States Court of Appeals
Ninth Circuit.

March 2, 1959.

764

Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., George Cochran Doub, Asst. Atty. Gen., Samuel D. Slade, Robert S. Green, Attorneys, Department of Justice, Washington, D. C., for appellant.

Ernest R. Mortenson, Pasadena, Cal., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

.BARNES, Circuit Judge.

This is an appeal from a judgment granting appellee $760.00 in retirement benefits allegedly due him under the provisions of 5 U.S.C.A. § 691(d). The district court's jurisdiction is based on 28 U.S.C. § 1346(a)(2). Timely appeal was taken, and this Court's jurisdiction rests on 28 U.S.C. § 1291.

## I—Facts

On October 18, 1954, appellee made application for retirement under former § 1(d) of the Civil Service Retirement Act, 5 U.S.C.A. § 691(d). Appellee had satisfied the length of service and age requirements for such retirement by his service from March 26, 1928 to November 30, 1954 as an Internal Revenue Agent. Since shortly after he commenced his said duties, he was assigned to the "Fraud Group" with the duty of making joint investigations with Special Agents of the Internal Revenue Service Intelligence Unit, of suspected violations of the criminal provisions of the Internal Revenue Code.

Former § 1(d) of the Civil Service Retirement Act of 1930, as amended (5 U.S.C.A. § 691(d), provided as follows on November 30, 1954:

"Any officer or employee * * * the duties of whose position are primarily the investigation, apprehension, or detention of persons suspected or convicted of offenses against the criminal laws of the United States (including any officer or employee engaged in such activity who has been transferred to a supervisory or administrative position) who is at least fifty years of age, and who has rendered twenty years of service or more in the performance of such duties (including the duties of a supervisory or administrative officer or employee) may, on his own application and upon the recommendation of the head of the department or agency in which he is serving, and with the approval of the Civil Service Commission, retire from the service; and the annuity of such officer or employee shall be equal to 2 per centum of his average basic salary for any five consecutive years of allowable service at the option of such officer or employee, multi-

plied by the number of years of service, not exceeding thirty years. The Civil Service Commission shall, upon recommendation by the head of the department or agency involved, determine whether such officer or employee is entitled to retirement under this subsection. In making such determination, the Commission shall give full consideration to the degree of hazard to which such officer or employee is subjected in the performance of his duties, rather than the general duties of the class of the position held by such officer or employee."

Thus the statute required, besides the hazardous duty for twenty years and the attainment of fifty years of age: (1) the employee's *application;* (2) the *recommendation* of the department head; and (3) the *approval* of the Civil Service Commission.

It should be noted that the statute as it then existed, did not set any criteria for the granting or withholding of the recommendation of the department head (as later statutes did [1]), but did set up criteria for the Civil Service Commission's approval.

The Secretary of the Treasury refused to recommend appellee for retirement under § 1(d). In a letter to appellee (Pltff's Ex. 5) he explained this was because:

"The Treasury Department negotiated with the Civil Service Commission a list of positions approved for inclusion under Section 1(d). The duties of such positions had to be within the scope of standards furnished by the Civil Service Commission. The position of Internal Revenue Agent, GS–512, in the Audit Division has not been approved for coverage; the position of Special Agent (Tax Fraud), GS–1811, in the Intelligence Division is, however, covered."

Appellee was thus entitled to the lower general retirement benefits of § 4(a) of the Act,* and not to the larger benefits of § 1(d). He sued below to recover the difference of $76.00 per month; and for a judgment declaring that he was entitled to be paid in the future under the provisions of § 1(d).

The district court declined to award a declaratory judgment for lack of jurisdiction, but awarded a money judgment of $760.00 for ten months difference in the two monthly retirement provisions.

The district court found that the Secretary of the Treasury had not considered the type of duties performed by appellee individually, nor the degree of hazard to which appellee was subjected. Instead, the court held, the Secretary had negotiated with the Civil Service Commission a list of positions which would be eligible for retirement under § 1(d), and the Secretary had withheld his recommendation for appellee's retirement under this section on the ground that, at the time of his retirement, appellee was not classified in one of these negotiated positions.

On the basis of these and related findings, the court held that at the time of his application for retirement, appellee had satisfied all of the requirements for retirement under Section 691(d) of Title 5 U.S.C.A., and is entitled to have his annuity computed under said Section." The court stated that Congress had intended each application for retirement

---

1. Effective October 1, 1956, the Civil Service Retirement Act of 1930, 46 Stat. 468, was revised and renumbered by the Civil Service Retirement Act Amendments of 1956, 70 Stat. 743, and under this revision § 1(d) of the 1930 act (5 U.S.C.A. § 691(d) became § 6(c) of the 1956 act (5 U.S.C.A. § 2256(c). Under this new act, 70 Stat. 749, 5 U.S.C.A. § 2256(c), the last sentence of old § 1(d) was changed to require *"The head*

*of the department or agency,"* as well as "the Commission" to "give full consideration to the degree of hazard to which such employee is subjected in the performance of his duties, rather than *the general duties of the class* of the position held by such employee. \* \* \*" [Emphasis added.]

\* Former 5 U.S.C.A. § 698(a) which is now covered by 5 U.S.C.A. § 2259(a).

to be considered on its merits without regard to the particular title of the position held, and concluded that the "failure of the Secretary of the Treasury and the Civil Service Commission to grant [appellee's] retirement under Section 691(d) was due to an erroneous interpretation of said Section in that the refusal of such retirement was based upon a classification of positions which had been set up contrary to the provisions of said Section."

The facts are undisputed. The sole question (apart from the jurisdictional question to be mentioned later) is whether, in view of the Secretary of the Treasury's refusal to recommend him, plaintiff was entitled to the larger retirement sums.

## II—Respective Legal Positions

Appellee urges that this refusal to *recommend* was a defiance of congressional mandate and a pure error of law in interpreting the statute—and, hence, that the judgment below was proper. The government takes the position that the statute means what it says; that the action of recommendation by the head of the employee's agency was purely discretionary, and was not the result of an erroneous interpretation of the statute; that in any event, if there was an erroneous interpretation of the statute, the only remedy plaintiff has is a mandamus action brought in the District of Columbia.

## III—Discussion

This opportunity to obtain larger retirement benefits was originally given to a special group of government employees who had attained a certain age and had completed a certain number of years service, and related only to a *voluntary* retirement at an earlier age than was *required*. It was to provide an incentive for such earlier retirement, so that younger men could perform in certain dangerous jobs. 61 Stat. 307 (1947). See U.S.Code Cong. & Adm.News, p. 1277 (1947), (S.Rep. No. 76, 80th Cong., 1st Sess. (1947), 5 U.S.C.A. § 691 note.) This original enactment in 1947 applied only to the Federal Bureau of Investigation and required the *consent* of the Attorney General. It created no *right* in F.B.I. agents to such increased retirement benefits.

In 1948, similar benefits were bestowed, conditionally, on other governmental employees engaged primarily in law enforcement. Rather than an attempt by Congress to determine who, other than F.B.I. agents, should be within the enlarged provisions, the new law rested the advantages that might be obtained, *first*, on a recommendation to be made by the agency head, at his pleasure; and *second*, on the approval of the Civil Service Commission (with an admonition that *hazards encountered* rather than *job classifications* should control such approval[2]).

Thus the granting of the increased benefit is a matter of discretion to be exercised by the head of the agency, not a matter of right granted to the employee and created by statute. The distinction between the two is pointed out in Dismuke v. United States, 1936, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561.

> "[T]he power of the administrative officer will not, in the absence of a plain command, be deemed to extend to the denial of a right which the statute creates, and to which the claimant, upon facts found or admitted by the administrative officer, is entitled." Id., 297 U.S. at page 172, 56 S.Ct. at page 403.

2. See, Civil Service Commission Federal Personnel Manual, R–5–36. By virtue of 5 U.S.C.A. § 709, now 5 U.S.C.A. § 2266, the Commission has the power to make all necessary rules and regulations to carry out the provisions of the Retirement Act. The interpretation of a statute by such an agency is entitled to great weight. See, e. g., United States v. Citizens Loan & Trust Co., 1942, 316 U.S. 209, 214, 62 S.Ct. 1026, 86 L.Ed. 1387; United States v. Madigan, 1937, 300 U.S. 500, 505, 57 S.Ct. 566, 81 L.Ed. 767; Norwegian Nitrogen Products Co. v. United States, 1933, 288 U.S. 294, 315, 53 S.Ct. 350, 77 L.Ed. 796.

A different rule applies, however, in cases where the authority to decide whether the claimant shall receive the benefit is by statute conferred upon an administrative officer.

"If the statutory benefit is to be allowed only in his discretion, the courts will not substitute their discretion for his."

Ibid. Cf., also, Panama Canal Co. v. Grace Line, Inc., 1958, 356 U.S. 309, 78 S.Ct. 752, 2 L.Ed.2d 788; United States v. George S. Bush & Co., 1940, 310 U.S. 371, 380, 60 S.Ct. 944, 84 L.Ed. 1259; Gibney v. United States, D.C.S.D.Cal. 1956, 146 F.Supp. 135.

Because of this fundamental reason that appellee had no *right* to the increased payments, Anderson v. United States, 9 Cir., 1953, 205 F.2d 326, 328, 40 A.L.R.2d 639 (the case largely relied on by appellee), is not apposite.

In Anderson v. United States, supra, the payment sought was allegedly due on an "Annuity Certificate"—"a bounty or gratuity bestowed as a token of the government's benevolence," concerning which "the statutory right thus created is enforceable like any other."

To say that the agency head relied on a classification in making his recommendation (even one prepared or recommended to it by the Civil Service Commission) upon which the Civil Service Commission was admonished by Congress *not* to rely, in awarding its approval does not make the uninhibited agency head's failure to recommend unlawful. If the agency head had the *unrestricted* right to recommend, under the clear, plain language enacted by the Congress, we cannot read other *restrictive* language into the Act. If unfair, it is an unfairness which the Congress must remedy; and at *that* time determine whether the changed instructions should apply only to future retirements, or should be retroactive in application.

The district judge below held that the refusal of the Secretary of the Treasury to approve the increased payment was based upon an erroneous interpretation of the statute, to-wit: that *both* the Secretary of the Treasury and the Civil Service Commission had refused to grant the increase because of the *job classification,* and hence had not considered the individualized hazards of the appellee's job, which the statute required. But the statute required such consideration *only* by the Commission, and *not* by the agency head.

To read the statute as did the trial judge requires the excision of the words "and upon the recommendation of the head of the department or agency in which he is serving"; and results in rendering such statutory language meaningless. It likewise requires the addition of language requiring the agency head to consider the same matters the Civil Service Commission was previously admonished to consider—something the agency head was previously not required to do. In other words, the interpretation adopted by the trial court, herein, rewrites the statute.

It is true that the lower court's interpretation rewrites the statute as Congress has *since* rewritten it. But the Congress, rewriting § 1(d) into renumbered § 6(c) (see note 1, supra), did so almost two years *after* appellee's retirement, and specifically provided in § 403 of the statute that it was *not* to apply in the case of employees retired or otherwise separated prior to its effective date.[3]

Further, the district court's interpretation, and the resulting judgment in favor of appellee, would eliminate from the Act entirely the discretion of the agency head to disapprove over and beyond, and irrespective of, any conclusion as to the individual hazards of the job. Such an interpretation flies in the face of the *purpose* of the Act—to permit

---

3. See note to 5 U.S.C.A. § 2251. See also, the specific reference to new § 6 (c) in the Senate Report on H.R. 7619 (which became the new law here discussed), S.Rep. No. 2642, 84th Cong., 2d Sess., p. 7, U.S.Code Cong. and Adm. News 1956, p. 3725.

younger men to perform in hazardous jobs, depending not on the hazard, nor the length of service, nor the employee's age, nor on any one or more of them alone, but on the further consideration of how many men of a particular age group in a particular job capacity the particular agency head thinks it best to have at any particular time.

We hold that the plaintiff stated no cause of action, and his action below should have been dismissed.

We do not reach the jurisdictional question as to whether the appellee should have brought an action in mandamus in the District of Columbia. It is unnecessary to reach that point.

The judgment is reversed, with instructions that judgment be entered for appellant below.