**Elmer E. POSTON**
v.
**UNITED STATES.**
No. 427–59.

United States Court of Claims.
May 3, 1961.
Rehearing Denied July 19, 1961.

———◇———

Elmer E. Poston, pro se.

Thomas J. Lydon, Washington, D. C., with whom was William H. Orrick, Jr., Asst. Atty. Gen., Washington, D. C., for defendant.

LARAMORE, Judge.

This is an action by a former employee of the Immigration and Naturalization Service, wherein he seeks to recover the difference between the annuity he had been receiving under section 1(b) of the Civil Service Retirement Act, as amended, 62 Stat. 48, since January 1, 1956, and the annuity he claims entitlement to under section 1(d) of the Civil Service Retirement Act, as amended, 62 Stat. 1221, 5 U.S.C.A. § 691(b, d). Plaintiff contends that the disallowance by the Civil Service Commission of his application for retirement under section 1(d), supra, was arbitrary and capricious. The case arises on cross-motions for summary judgment.

Section 1(d), under which plaintiff claims, provided in pertinent part as follows:

"Any officer or employee to whom this Act applies the duties of whose position are primarily the investigation, apprehension, or detention of persons suspected or convicted of offenses against the criminal laws of the United States (including any officer or employee engaged in such activity who has been transferred to a supervisory or administrative position) who is at least fifty years of age, and who has rendered twenty years of service or more in the performance of such duties (including the duties of a supervisory or administrative officer or employee) may, on

his own application and upon the recommendation of the head of the department or agency in which he is serving, and with the approval of the Civil Service Commission, retire from the service; and the annuity of such officer or employee shall be equal to 2 per centum of his average basic salary for the five years next preceding the date of his retirement, multiplied by the number of years of service, not exceeding thirty years. The Civil Service Commission shall, upon recommendation by the head of the department or agency involved, determine whether such officer or employee is entitled to retirement under this subsection. In making such determination, the Commission shall give full consideration to the degree of hazard to which such officer or employee is subjected in the performance of his duties, rather than the general duties of the class of the position held by such officer or employee."

The facts upon which plaintiff bases his claim are these:

Plaintiff was employed by the U.S. Immigration and Naturalization Service as either a Patrol Inspector or Immigrant Inspector from November 5, 1928 to December 17, 1941.[1]

Effective December 18, 1941, plaintiff was transferred and promoted to the position of Associate Legal Advisor, in the Washington, D. C., Office of the Immigration and Naturalization Service. From that time on he held various supervisory positions in the Service until he retired on December 31, 1955.

On December 6, 1954, plaintiff made application for retirement under the provisions of section 1(d) of the Civil Service Retirement Act, supra.

The Assistant Commissioner of Immigration and Naturalization then forwarded plaintiff's application to the Adminis-

trative Assistant Attorney General stating in part as follows:

"There is attached Standard Form 2801, Application for Retirement, a statement dated December 6, 1954 of Mr. Poston concerning his duties with this Service, a statement of a former supervisor of Mr. Poston's, Mr. Horace C. Harris, a statement of a former fellow officer, Mr. Zachary T. Forester, and a position description reflecting the duties of Mr. Poston when he occupied the position of Supervisor, Verification of Arrival Unit, in 1946.

\* \* \* \* \* \*

"Mr. Poston has completed more than 20 years' service in positions the duties of which he feels entitle him to retirement under the provisions of Public Law 879. He became 57 years of age on February 19 of this year and wishes to retire as soon as possible if his application is approved.

"Mr. Poston's application is forwarded for a determination as to his eligibility. It is the considered opinion of this Service that he may be released for retirement and no difficulty is anticipated in effecting his replacement."

By letter dated July 14, 1955, the Administrative Assistant Attorney General informed the Retirement Division of the Civil Service Commission of plaintiff's application for retirement in the following manner:

"There is attached recommendation submitted by the Assistant Commissioner, Immigration and Naturalization Service together with Application for Retirement under Public Law 879 executed by Mr. Elmer Emanuel Poston, District Director, Honolulu, Hawaii.

"By direction of the Attorney General the retirement of Mr. Poston under Public Law 879 is hereby recommended."

1. It is admitted that this approximate 13-year period of service was hazardous in nature.

By letter dated August 1, 1955, the Retirement Division informed plaintiff that his application for retirement under section 1(d) was disallowed. This decisional letter stated:

"The primary duties of Associate Legal Advisor, Associate Examiner, Examiner, and Operations Advisor do not meet the requirements of section 1(d). There is no showing that while you occupied such position you were not performing the primary duties their titles indicate. The primary duties of such positions are not the investigation, apprehension or detention of persons suspected or convicted of offenses against the criminal laws of the United States.

"The law continues coverage under Section 1(d) if a criminal investigatory employee is transferred to an administrative or supervisory position in the same line of work. However, if a covered employee is transferred to a non-criminal investigative position, or to an administrative or supervisory position in another line of work, he cannot count such service under such section of the Retirement Act. It is therefore necessary, to disallow your claim for retirement.

"If you feel that the action taken is not proper, you are, under the Commission's regulations, allowed 6 months from the date of this letter within which to enter an appeal. A copy of the rules governing appeals is enclosed."

The Administrative Assistant Attorney General was also informed of this decision by letter dated August 1, 1955.

Plaintiff appealed this decision of the Retirement Division to the Board of Appeals and Review, Civil Service Commission contending "that once an employee is covered by the provisions of Section 1(d) of the Civil Service Act, he continues to be covered by the subsection when he is transferred to a supervisory or administrative position in the same agency without regard to the basic nature of his supervisory or administrative duties."

Subsequently, the matter was presented to the Board of Appeals and Review. The Board of Appeals and Review, for the Commissioners, informed plaintiff by decisional letter dated September 23, 1959, that the decision of the Retirement Division was affirmed. The Board stated in pertinent part as follows:

"The decision of the Retirement Division as set forth in its letter of decision of August 1, 1955, was based upon a finding that the duties of certain positions occupied by you during your period of service with the Immigration and Naturalization Service did not meet the requirements of Section 1(d) for the reason that the primary duties of these positions were not in the investigation, apprehension or detention of persons suspected or convicted of offenses against the criminal laws of the United States and that the periods during which you occupied these positions could not therefore, be counted toward the twenty years of service required for retirement under the provisions of Section 1(d).

"Section 1(d) of the Retirement Act does not provide for automatic retirement at an early age of all persons engaged in law enforcement work. It sets forth certain specific requirements which must be met by employees desiring to obtain the benefits of this Section and charges the Civil Service Commission with the responsibility for seeing that these conditions are met.

"A review of the legislative history of Public Law 879, 80th Congress which extended the coverage of Section 1(d) to include, among others, the Immigration and Naturalization Service, shows that the intent of Congress was to include within the scope of the section only those positions which are hazardous in nature. The wording of the section is plain. * * *

"The legislative history of Public Law 879, 80th Congress, clearly

shows that Congress was aware of the fact that some supervisory positions are hazardous and specifically provided for the inclusion of such positions in the coverage of Section 1 (d). Accordingly, the board agrees with the Retirement Division that service in administrative and supervisory positions can be included in the computation of the requisite twenty-year period only when the primary duties of such positions meet the requirements of the section and are in themselves of a hazardous nature.

"With respect to your contention that the Commission is precluded from inquiring into the degree of hazard present in supervisory or administrative positions, your attention is directed to the above-quoted provision of Section 1(d) which provides that the Commission in determining whether an employee is entitled to retirement under Section 1 (d), shall give full consideration to the degree of hazard to which such officer or employee *is* subjected. This provision makes it essential that the Commission inquire into the degree of hazard present in supervisory or administrative positions where time spent in such positions is necessary to complete the requisite twenty years of hazardous service.

\* \* \* \* \* \*

"The Board of Appeals and Review, after a careful consideration of all the facts and circumstances in your case and of the representations and detailed arguments set forth in your letter of appeal, has found, as did the Retirement Division, that you do not have sufficient qualifying experience to entitle you to retirement under the provisions of Section 1(d). Accordingly, the decision of the Retirement Division is affirmed."

On October 5, 1959, plaintiff filed his petition in this court alleging that the Civil Service Commission arbitrarily disallowed his application for retirement under section 1(d).

Under these facts, the question to be determined by us is whether the years spent in various supervisory and administrative positions should be counted to make up the 20 years of service required under section 1(d), supra.

Plaintiff's position is that the duties connected with these supervisory and administrative positions do not have to meet the initial requirements (hazardous in nature) of section 1(d) in order to count towards the 20-year requirement of the section.

Defendant, of course, does not agree with this position and contends that plaintiff, having been transferred to a position non-hazardous in nature, cannot use those years to meet the 20-year requirement of section 1(d).

In the briefs filed, each party has argued that the statute is clear and unambiguous and that resort to the legislative history is not necessary to a correct determination of the issue. With this we are in complete agreement.

It is noted that section 1(d) sets out various requirements for entitlement to the benefits therein contained: (1) he must have attained 50 years of age; (2) he must have rendered 20 years of service or more in the performance of hazardous duties, i. e., investigation, apprehension, or detection of persons (including any officer or employee engaged in such activity who has been transferred to a supervisory or administrative position); (3) he must file application; (4) he must have the recommendation of the head of the department or agency; (5) he must have the approval of the Civil Service Commission.

The record discloses that plaintiff did make application, that he had reached the age of 50 years, and that he had the recommendation of the department head. However, the record discloses that plaintiff did not actually serve 20 years in hazardous duty, and that he did not have

the approval of the Civil Service Commission.

If, as plaintiff argues, the Act does not require that the years spent in an administrative or supervisory capacity be years of hazardous duty, of course, he would be entitled to recover, since it is admitted that the first 13 years were actually spent in hazardous duty and the last 11 years were spent in a supervisory capacity within the structure of the Immigration and Naturalization Service. However, we need not meet this argument since the last two sentences of the Act give the Civil Service Commission the discretion to make a determination as to entitlement and further provides that "In making such determination, the Commission shall give full consideration to the degree of hazard to which such officer or employee is subjected in the performance of his duties, rather than the general duties of the class of the position held by such officer or employee." This clearly gives the Civil Service Commission the right to consider the degree of hazard attached not only to his supervisory employment but to his initial employment as well. To us this means that a person could be employed in an investigatory position, etc., but that the degree of hazard was so slight as to remove application of section 1(d), supra.

In this case the Retirement Division determined that the years spent in supervisory activities did not count towards the 20-year requirement under the Act. On appeal the Civil Service Commission affirmed.

The above decision was affirmed by the Board of Appeals and Review.

Thus it is clear that the Civil Service Commission made a determination as required by the Act, and we think it equally clear that there was no abuse of discretion. We further believe that neither the affirmance by the Retirement Division, the Civil Service Commission, nor the Board of Appeals and Review of the Civil Service Commission, was arbitrary and capricious. United States v. Cummins, 9 Cir., 265 F.2d 763.

This is true because the Civil Service Commission was vested with the power and discretion to determine the degree of hazard involved. It did this by correctly determining that plaintiff's last years of service were spent in non-hazardous work and that the intent of Congress was to include only positions which were hazardous in nature.

In respect to the above, the courts are uniform in holding that the decisions of the Civil Service Commission should be accorded great weight and should not be overturned unless clearly wrong. United States v. Jackson, 280 U.S. 183, 193, 50 S.Ct. 143, 74 L.Ed. 361; United States v. Cummins, supra, and cases cited therein. We believe the Civil Service Commission's interpretation of the statute involved was clearly right. See United States v. Cummins, supra.

Were we to hold otherwise, it would be to say that a person could be employed in a hazardous position for one year, be promoted to a supervisory position, which was nonhazardous, and then be entitled to retirement at the conclusion of 20 years of service. Certainly this could not have been the intent of Congress when it enacted section 1(d) of the Civil Service Retirement Act, supra.

This is borne out by the hearings held on H.R. 5401 and H.R. 5523, which bills were introduced in the 80th Congress, 2d session. These bills were designed to bring other agencies within the provisions of the retirement program then only applicable to the Federal Bureau of Investigation.

Hearings were held on H.R. 5401 and H.R. 5523, and revealed that supervisors were included in the proposed legislation because the FBI bill provided for supervisory personnel. However, the hearings were replete with reference to the hazardous duties performed by the Treasury personnel which justified the proposed legislation. These hearings make it clear that only those employees who met the

classification of hazard in the performance of their duties were to receive the benefits of this proposed legislation whether they were supervisors, administrative personnel or not. During these hearings, it was brought out that there were employees in other agencies who performed hazardous duties in connection with law enforcement work and who should be given the benefit of the proposed liberal retirement provisions. This led to the introduction of H.R. 6454 in the 80th Congress, 2d session. This became Public Law 879,[2] the statute here involved.

H.R. 6454 was explained on the floor of the Senate as follows:

"Mr. President, some time ago Congress passed an act which provided for an increase in retirement allowances for members of the FBI. There were two reasons behind that action. One was to keep young men in the service, and the other was to provide for a little extra retirement pay for those who have hazardous occupations. This particular bill would extend the same privileges to the Narcotics Division of the Treasury Department and, I think, also to those who have to deal with immigration *and who are in a position of hazard.* The annuity would be based upon 2 percent of the employee's average salary for 5 years next preceding his retirement, multiplied by the number of years of service not to exceed 30 years. If we are to keep men in the Federal Service to perform these particularly hazardous jobs, we have to appeal to a group of younger men. After 20 or 25 years' service they frequently must seek other employment because of their physical condition and age. They are not really suited to deal with some of the tough customers with which they have to deal." [Italics supplied.]

2. There were no hearings held on H.R. 6454. However, it is obvious that the hearings referred to in the Senate (No. 1668) and House (No. 2034) Reports on H.R. 6454 were actually the hearings held on H.R. 5401 and H.R. 5523.

Plaintiff's motion for summary judgment is denied, and defendant's motion is granted. Plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and DURFEE, MADDEN and WHITAKER, Judges, concur.