**Richard D. AUERBACH and Muriel A. Auerbach, his wife, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 7476.**

United States District Court
W. D. Washington, N. D.

Nov. 18, 1968.

Robert W. McKisson, Jr., Beresford & Booth, Seattle, Wash., for plaintiffs.

Eugene G. Cushing, U. S. Atty., by Wm. Rubidge, Asst. U. S. Atty., Seattle, Wash., for defendant.

## MEMORANDUM OPINION

VON DER HEYDT, District Judge.

This is an action under 28 U.S.C. § 1346(a) (1) (1964) to recover federal income taxes which plaintiffs allege were erroneously collected. Plaintiffs are husband and wife, who filed joint returns during the years in question. The memorandum, however, refers to the husband alone as plaintiff taxpayer, since it is his retirement annuity which is in question. Plaintiff taxpayer is a retired federal law enforcement officer. He joined the Federal Bureau of Investigation on August 5, 1940, and after initial training served as a Special Agent, as an administrative assistant to the Director, and finally as a Special Agent in Charge. Then, in August, 1961, having achieved 21 years service and the age of 50 years, he requested retirement under the provisions of Section 6(c) of the Civil Service Retirement Act of 1930, now codified as 5 U.S.C. § 8336(c) (Supp. II 1965–66).

This statute provides, in pertinent part:

(c) An employee, the duties of whose position are primarily the investigation, apprehension, or detention of individuals suspected or convicted of offenses against the criminal laws of the United States, including an employee engaged in this activity who is transferred to a supervisory or administrative position, who is separated from the service after becoming 50 years of age and completing 20 years of service in the performance of these duties is entitled to an annuity if the head of his agency recommends his retirement and the Civil Service Commission approves that recommendation. The head of the agency and the Commission shall consider fully the degree of hazard to which the employee is subjected in the performance of his duties, instead of the general duties of the class of the position held by the employee.

Taxpayer's application for retirement under this provision was approved on August 18, 1961, and accordingly he retired. It is agreed that he is, and has been, in good health, and that his retirement was not the result of any physical disability.

Taxpayer paid income tax on the full amount of his annuity or pension for several years after his retirement. He now contends, however, that he is entitled to a refund because Int.Rev.Code of 1954

§ 105(d) permits him to exclude up to $100 per week of his annuity from gross income until he reaches the normal retirement age for federal employees.

Section 105(d) provides in part:

(d) Wage continuation plans.

Gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness; but this subsection shall not apply to the extent that such amounts exceed a weekly rate of $100.

Subsection (a), to which subsection (d) refers, provides:

(a) Amounts attributable to employer contributions.

Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer.

The parties have stipulated to the facts, and plaintiff taxpayer has moved for summary judgment.

The Treasury Department has held in an administrative regulation that where a wage continuation plan provides for continual payments as long as the disability lasts, a permanently disabled employee is entitled to a § 105(d) exclusion until he reaches normal retirement age. 26 C.F.R. § 1.105–4(a) (3) (i) (a) (1968). Thus the only question here presented is: Does the annuity provided by 5 U.S.C. § 8336(c) (Supp. II 1964–65) constitute payments in lieu of wages during absence because of sickness or injury under Int.Rev.Code of 1954 § 105 (d)?

Admittedly, § 8336(c) exists because of Congressional recognition that a man of over 50, with 20 years of service behind him, may well not be fit for the life of an active law enforcement officer. This vocation often requires long hours and frequently becomes physically strenuous. The section is not, however, a disability retirement provision, such as provided by 5 U.S.C. § 8337 (Supp. II 1965–66), but a special provision by which a law enforcement officer may retire, with the consent of his agency head and of the Civil Service Commission, before he reaches normal retirement age. The amounts paid the employee under § 8336(c) are obviously intended to constitute not accident or health benefits, but an ordinary pension like those provided by §§ 8336(a), (b), (e), etc.

Plaintiff argues that, because of hazardous and strenuous nature of a law enforcement officer's work the word "sickness" in § 105(d) of the Internal Revenue Code should be given a special definition to include plaintiff's situation. He points out that many words or phrases, such as "scope of employment" in the *respondeat superior* cases, have acquired such technical meanings in law, and contends that his special definition is more "logical and appropriate" in view of the facts of this case. But we are dealing here with a statute, and the universally accepted rule is that "the words of statutes—including revenue acts—should be interpreted where possible in their ordinary, everyday senses." Crane v. Commissioner, 331 U.S. 1, 6, 67 S.Ct. 1047, 1051, 91 L.Ed. 1301 (1947). There is in § 105 no special definition of "sickness"; the word has no accepted technical definition which would aid the taxpayer. It appears obvious that Congress intended it to be used in its ordinary sense, and, indeed, far from being absurd or self-defeating, such a construction seems to be more "consonant with the purposes of the Act" than the one for which taxpayer contends. Commissioner of Internal Revenue v. Brown, 380 U.S. 563, 570–571, 85 S.Ct. 1162, 1166, 14 L.Ed.2d 75 (1965). The plain meaning of § 105(d) is that a taxpayer is entitled to the exclusion if he is receiving payments under a wage continuation plan while absent from work because of in-

jury or sickness in the ordinary sense of those terms. Plaintiff is not absent because he is injured or sick; he is absent because his superiors, exercising discretion granted by Congress, permitted him to retire early. He is thus not entitled to the benefits of § 105(d).

Plaintiff's motion for summary judgment will be denied and the complaint dismissed with prejudice.