**John B. O'NEAL and Ellen B. O'Neal, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 68–363.**

United States District Court,
D. South Carolina,
Columbia Division.

Nov. 20, 1969.

N. Welch Morrisette, Jr., Columbia, S. C., for plaintiffs.

Joseph O. Rogers, Jr., U. S. Atty., for defendant.

## ORDER

DONALD RUSSELL, District Judge.

This action seeks recovery under Section 1346(a) (1), 28 U.S.C., for federal income taxes alleged to have been erroneously collected.

The tax involved was paid in connection with joint returns of the plaintiffs, who are husband and wife. The claim for relief applies, however, wholly to income derived from a retirement annuity paid the husband under the provisions of Section 6(c) of the Civil Service Retirement Act of 1930, 5 U.S.C. Section 8336(c).

It is the contention of the plaintiffs that the annuity payments received by the plaintiff John B. O'Neal qualified for the exemption from taxable income authorized by Section 105(d) of the Internal Revenue Code of 1954, 26 U.S.C. The defendant denies that such payments so qualify. The question thus posed by the respective contentions of the parties is:

Do payments received by a retired annuitant under the terms of Section 8336(c), 5 U.S.C., constitute payments "in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness"?

If the answer is in the affirmative, plaintiffs are entitled to recover; if negative, the action should be dismissed.

There is no dispute about the facts. The issue is one purely of law. It is a matter properly resolved by a motion for summary judgment. The defendant has so moved.

The issue presented by this action was involved in Auerbach v. United States (D.C.Wash.1968) 293 F.Supp. 1085. In that action, it was concluded that payments received under Section 8336(c) did not qualify for exemption under Section 105(d). With that conclusion I agree.

Section 105(d) authorizes exclusion from taxable income of payments made "in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness". By administrative ruling, the Treasury Department has extended the benefits of such section to permanently disabled employees where there is a wage continuation plan providing for continued payments as long as disability continues. 26 C.F.R. § 1.105–4(a) (3) (1) (a) (1968).

██ Retirements under Section 8336(c) are not, however, disability retirements "on account of personal injuries or sickness", which are provided for under an entirely different statute and with different rules for qualifications,[1] and clearly was not enacted for such purpose. As written, it permits any federal employee engaged in law enforcement, upon reaching 50 years of age and after completing 20 years of service, to retire and receive the annuity benefits "if the head of his agency recommends his retirement and the Civil Service Commission approves that recommendation". As originally drafted, it was intended to apply to FBI agents. It was prompted by the recognition that law enforcement "requires long hours and frequently becomes physically strenuous". Because of this, it was to the advantage of the service that law enforcement officers retire earlier than other types of employees and this section was enacted "to provide an incentive for such earlier retirement, so that younger men could perform in certain dangerous jobs". See, United States v. Cummins (C.C.A.9 1959) 265 F.2d 763, 766.

It is true that, in an interpretative bulletin, the Department has identified the law enforcement officers who may secure retirement under Section 8336(c) as those "who, because of the physical requirements of their positions and the hazardous activities involved, are no longer capable of carrying on efficiently". Rev.Rul. 61–6, 1961–1 Cum.Bull. 15. From this, the plaintiffs argue, the Government interpreted Section 8336(c) as a disability retirement provision. I do not so construe the language of the Bulletin. To say that one is incapable "of carrying on efficiently" is far different from declaring one "physically disabled". What the Bulletin is emphasizing is exactly what was referred to in *Cummins*: The need for younger men in law enforcement. And this very Bulletin, immediately after the sentence just quoted, proceeds to declare the purpose of the Section: "A more generous method of computing the amount of annuity is provided, not as a special reward for the type of service involved, but rather because a more liberal formula is usually necessary to make the earlier retirement economically feasible." Taking this sentence in conjunction with the earlier sentence, the conclusion is plain that the purpose of the Section, as stated in the Bulletin, was to recruit younger men into law enforcement and to provide generous inducements for older officers to retire earlier than they would under the general federal employees' retirement provisions. This construction of Section 8336(c) is reinforced by the procedure followed in considering applications for retirement thereunder. Such applications require no physical examinations. No medical record is requested. There are thus none of the standard procedures used that are normal for a disability rating on retirement.

██ The plaintiffs urge, finally, that, whether retirement under Section 8336(c) is normally for disability, the fact is that the retirement of the plaintiff John B. O'Neal was occasioned by such a disability; and they contend this circumstance distinguishes this case from *Auerbach*. In my opinion, it is immaterial whether plaintiff John B. O'Neal had a disability or not at the time of his retirement. He did not predicate his retirement on that basis. If he had, he should have filed under Section 8337, 5 U.S.C. He chose instead to file under Section 8336(c), payments under which do not represent payments made "in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness" and accordingly do not qualify for exemption from income under Section 105(d).

While irrelevant to the issue in this case, it may be noted that, on the basis of his own testimony, it is highly questionable that the plaintiff John B.

---

1. 5 U.S.C. § 8337.

O'Neal could have qualified for retirement on disability grounds. He testified that he had not consulted a physician for more than six months prior to his application for retirement, and after retirement, he did not consult a physician for over a year. Following his examination some months before his retirement, he was advised by his family physician that he had no disabling condition. When he did consult a physician about a year after his retirement, he was advised that he had diverticulitis, which hardly could be regarded as a complete physical disability. Some years after he retired he contracted hepatitis. But, so far as his medical advice at the time of his retirement, the plaintiff John B. O'Neal had no condition that would have supported a disability retirement.

The motion of the defendant for summary judgment in the above case is accordingly hereby sustained and the action dismissed.

And it is so ordered.