JOHN E. AND BILLIE L. STOUT, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1722–77.    Filed December 27, 1978.

John E. Stout, pro se.
*Michael J. Rusnak,* for the respondent.

OPINION

DAWSON, *Judge:* Respondent determined a deficiency of $430 in petitioners' Federal income tax for the year 1974. The only issue for decision is whether petitioner John E. Stout is entitled to a sick pay exclusion of $4,940.40 in 1974 under the provisions of section 105(d).[1]

All of the pertinent facts have been stipulated and are found accordingly. They are summarized below.

John E. Stout (petitioner) and Billie L. Stout, husband and wife, were legal residents of Shelbyville, Ind., when they filed their petition in this case. They filed their joint Federal income tax return for the year 1974 with the Internal Revenue Service Center in Memphis, Tenn.

Petitioner was appointed to the Indianapolis Fire Department on October 18, 1951, and retired on January 13, 1972. During such period he paid a total of $3,147.92 in pension assessments to the Firemen's Pension Fund. He received from the fund the amounts of $4,312.60 in 1972 and $4,665.12 in 1973. For the year 1974 he accepted under protest the amount of $5,074.92 from the city of Indianapolis. All of these amounts were received in satisfaction of a voluntary retirement pension.

Prior to petitioner's retirement, he was examined by three physicians pursuant to a request made by the chief of the Indianapolis Fire Department. All of them determined that,

---

[1]All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.

while the petitioner was unable to engage in active fire fighting, he was capable of performing light duty with the fire department. Consequently, the fire chief did not grant petitioner's request to retire on disability. Petitioner then voluntarily retired and qualified for a regular pension.

On his 1974 Federal income tax return, the petitioner claimed a sick pay exclusion of $4,940.40. Respondent disallowed the claimed exclusion in his notice of deficiency.

Section 19-1-37-14(b), Indiana Code (1974), authorizes a member of the fire force to retire voluntarily after 20 years of service. Section 19-1-37-13(a) provides that the chief of the fire force shall retire a member of the fire force who attains the age of 65 years or is found upon examination by a medical officer to be physically or mentally disabled so as to render necessary his retirement from *all* service on the force. This latter section also provides that all physical and mental examinations of members of the fire force shall be made on order of the chief of the fire force by a medical officer designated by the board of trustees of the Firemen's Pension Fund.

Section 105(d), I.R.C. 1954, provides the gross income does not include amounts received in lieu of wages for a period during which an employee was absent from work on account of personal injury or sickness. Section 1.105-4(a)(3)(i)(A), Income Tax Regs., has extended the benefits of such section to *permanently disabled employees* where there is a wage continuation plan providing for continued payments as long as the disability continues.

To exclude the $4,940 from income as sick pay, the petitioner must establish that the amount he received in 1974 was in lieu of wages because he was absent from work on account of personal injuries or sickness. This is a question of fact for the Court to determine. *Walsh v. United States*, 322 F.Supp. 613, 619 (E.D.N.Y. 1970). In this case, the petitioner was not absent from work on account of personal injury or sickness. The chief of the fire department had not granted his request to retire on disability. Instead, petitioner voluntarily retired and is receiving a regular 50-percent pension in lieu of the higher 55-percent disability pension authorized by section 19-1-37-14, Indiana Code. Moreover, the facts show that the petitioner was not so physically disabled so as to render necessary his retirement from *all* service with the fire department. All three physicians who

examined him determined that he was capable of performing light duty with the Indianapolis Fire Department.

In these circumstances, we think the petitioner accepted a voluntary retirement pension and not a disability retirement pension. Thus the payments received by him from the city of Indianapolis did not constitute payments made in lieu of wages for a period during which he was absent from work on account of personal injury or sickness. We hold that the payments constitute an ordinary pension and are therefore taxable. See *O'Neal v. United States*, 314 F.Supp 383 (D.S.C. 1969). Respondent correctly disallowed the sick pay exclusion.

To reflect a concession made by respondent with respect to itemized deductions in lieu of the standard deduction,

*Decision will be entered under Rule 155.*