Green, Judge,
delivered the opinion of the court:
The plaintiff brings this suit alleging, among other things, that after affixing stamps to 21,495 catalogues, at six and one-half cents each, in the total amount of $1,897.17, it delivered these catalogues to a railway company to be carried as freight to Louisville, Kentucky, and there to be mailed, but by reason of the cars in which the catalogues were shipped being wrecked and thrown into a river, the catalogues with the stamps thereon were entirely lost and have never been recovered. A claim for the value of the postage stamps so lost was presented and considered by the Third Assistant Postmaster General who ruled that a refund of the amount paid for said postage could not be authorized because there was no provision therefor in the regulations. The plaintiff, therefore, asks judgment of $1,397.17 for postage paid on mail matter for which service was not rendered.
The defendant moves to dismiss the petition on tihe ground that the Court of Claims does not have jurisdiction to hear and determine the subject matter set forth therein. ■ The petition sets forth a claim against the United States and we think that this court clearly has jurisdiction to consider the petition and determine whether it presents a case authorized by the statutes to be submitted' to it.
The case has been presented and argued by both sides in the same manner as if the defendant had demurred to the petition. The name applied to the proceeding is not important under our rules of pleading and we shall treat the issue accordingly.
The defendant can only be sued by virtue of authority given under some statute, general or special. This court was given jurisdiction over claims founded upon any law of Congress and also “for damages, liquidated or unliqui- *311 dated, in cases not sounding in tort, in respect of which claims the party would be entitled to redress against the United States either in a court of law, or equity, or admiralty if the United States were suable.” (U. S. Code, Title 28, section 250.)
We will first consider the general statute set out above. Under this statute suit can be brought for damages claimed to be caused by a violation of a contract, express or implied, but there is nothing.in this general statute which would authorize a suit to be brought merely on the ground that as a matter of broad equity and justice the plaintiff is entitled to relief.
In the case which we have before us there was no contract, either express or implied, that the Government would reimburse the plaintiff in case of loss of stamps which had been purchased. Postage stamps pass from hand to hand and may be used in payment of postage by any person who holds them, but the Government does not guarantee the holder against loss by destruction of the stamps while in his possession. We think the plaintiff cannot recover under the general statute.
Plaintiff, however, bases its claim upon Section 300 of the United States Code, Title 39, which reads as follows:
PeFTXND OF POSTAGE PAH) POR SERVICE NOT RENDERED, or in excess op legal rate. Whenever it shall be shown to the satisfaction of the Postmaster General that, any postage is paid on any mail matter for which service is not rendered, or is collected in excess of the lawful rate, he may, in his discretion, authorize the postmaster at the office where paid to refund the proper amount out of the postal receipts in the possession of the postmaster. (Mar. 3, 1905, c. 1480, § 2, 33 Stat. 1091).
The defendant argues that this statute has no application for the reason that the catalogues upon which the stamps were affixed when destroyed were not “mail matter,” as they had not yet been placed in the mails, but we do not think it necessary to decide the question thus raised. Plaintiff contends that Section 300, quoted above, creates a right of action for the refund of postage paid for services not rendered and unless this contention is sustained plaintiff’s *312 action must fail. The argument is in effect that independently of the action of the Postmaster General the statute creates the right of action asserted; that consequently the court has jurisidiction of the case in the first instance and if the decision of the Postmaster General is arbitrary or capricious the suit may be successfully maintained.
We do not think this contention is well-founded. We see nothing in the statute that in the first instance creates the right to sue. The right of action, we think, exists only when the Postmaster General has been satisfied that the requirements of the statute have been met, and this, under the terms of the statute, depends entirely upon the discretion of the Postmaster General.
The case before us is similar to that of Former Corporation v. United States, 66 C. Cls. 83. This was an action to recover for lost money orders and the statute under which recovery was sought provided “that the Postmaster General, upon evidence satisfactory. to him * * * may cause payment to be made ' * * * of the amount of any domestic money order remaining unpaid after the lapse of three, years from the date of its issue.” It was held in the opinion that the act contained no language giving jurisdiction to this court to review the decision of the Postmaster General, which was adverse to the plaintiff in the case, and further that payment for a lost money order can only be secured by proof satisfactory to him.
Plaintiff calls attention to United States v. American Tobacco Co., 166 U. S. 468, in which it appeared that a suit was brought to recover the value of revenue stamps that had been destroyed by fire and a recovery was permitted although the Treasury Department declined to allow the claim for the reason that the plaintiff had been reimbursed for the value of the stamps by the payment of insurance thereon, and it is argued that the opinion and decision in this case sustains the contention that a right to bring suit in the case before us is established by the statute. But we think the decision in the case last cited is not controlling for the reason that the issue therein was different.
In the American Tobacco Company case, supra, no question was raised as to the plaintiff’s right to bring the suit. *313 The claim had been examined and certified as true and correct by the United States Collector of Internal Revenue but he failed to recommend its payment for the reason “that the claimant had been paid by the insurance company for the value of the stamps,” and the Treasury Department itself rendered its decision declining to allow the claim for the reason “that the claimant had received reimbursement for the value of the stamps by recovery of insurance thereon.” The court decided that the payment by the insurer to the Tobacco Company did not bar the right of the latter to recover from the United States, but this decision has no application to the issues in the case now before us.
(October 6, 1941)
There is a special feature in the instant case not found in any of the cases cited, which is decisive in favor of the defendant. The statute upon which the claim is based provides for payment only when the Postmaster General in his discretion authorized it to be made. It is well settled that where a special remedy is provided by the statute* creating a right, that special remedy is exclusive, and where* the statutory benefit is allowed only in the discretion of an administrative officer, his decision is final and the courts-will not review it. See Williamsport Wire Rope Co. v. United States, 277 U. S. 551; John B. Kelly, Inc. v. United States, 87 C. Cls. 271; Dismuke v. United States, 297 U. S. 167.
The petition of plaintiff must be dismissed, and it is so ordered. ,
Whitaker, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
ON MOTION FOR NEW TRIAL
On the plaintiff’s motion for new trial, a supplemental opinion per curiam was rendered, as follows:
As the motion for new trial presents new matter and cites' cases not presented in the hearing on the submission of the motion to dismiss, it is thought best to add some comment thereon.
*314 The main contention of the plaintiff is that the court erred in holding that where a statutory benefit is allowed only in the discretion of an administrative officer his decision is final and the courts will not review it. In support of this contention, the plaintiff cites the case of Supervisors v. United States, 4 Wall 435, 18 L. Ed. 419, where a statutory provision reciting that “the board of supervisors * * * may, if deemed advisable, levy a special tax” was construed. In the opinion it was said:
The conclusion to be deduced from the authorities is that where power is given to public officers, in the language of the act before us, or in equivalent language, whenever the public interest or individual rights call for its exercise, the language used, though permissive in form, is in fact peremptory.
We are clear that this decision has no application to the case at bar. The statutory provision in the case before us differs from that construed in the.opinion cited, in that it is not merely permissive but the Postmaster General is to exercise his discretion. The words “in his discretion” do not appear in the statute considered in the case cited. It is difficult to see how Congress could make it more definite and certain that the Postmaster General was authorized to use his discretion in the matter. If the construction asked by the plaintiff is given to the statute applicable to the case, the words “in his discretion” might just as well have been omitted entirely, for according to the plaintiff’s contention they have no meaning whatever. We think the language of the statute is perfectly plain and feel constrained to apply it accordingly.
The Supreme Court and this court have many times held that where a statutory benefit is allowable only in the discretion of an administrative officer, his decision is final and cannot be reviewed. We think we do not need to cite any authorities on that point.
The motion of the plaintiff for a new trial must be overruled.