NORTHWEST PUBLICATIONS, INC., Plaintiff,

v.

UNITED STATES of America et al., Defendants.

Civ. A. No. 2764–65.

United States District Court
District of Columbia.
April 27, 1966.

Compare, Sheridan v. Cadet Chemical Corp., 25 Conn.Supp. 17, 195 A.2d 766 (Sup.Ct.1963).

James C. McKay, Washington, D. C., for plaintiff.

David G. Bress, U. S. Atty., for District of Columbia, Joseph M. Hannon and Ellen Lee Park, Asst. U. S. Attys., Washington, D. C., for defendants.

HOLTZOFF, District Judge.

The motion to amend the complaint is granted in order that this matter may be before the Court in a definitive form. The motion to dismiss will be decided as though it were directed to the amended complaint.

This action is brought to recover what are claimed to be excess payments made by two newspapers over a period of years on second class mail matter. There are two defendants named in the action. One is the Postmaster General and the other is the United States. Obviously there can be no personal judgment for a refund against the Postmaster General. The suit, in effect, is an action against the United States. It is alleged that over a period of years there was an error made in computing the weight of the newspapers involved in this action and as a result there was a large excess in the payment of second class postage on the part of the newspaper publisher to the United States.

The claim is predicated on 39 U.S.C. § 4055, which provides that the Postmaster General may refund out of the postal receipts postage which he is satisfied has been paid for service not rendered or collected in excess of the lawful rate. It is of course hornbook law that the United States may not be sued and a judgment may not be rendered against it for a sum of money or to deprive it of property except in matters as to which the United States consented to be sued and waived its sovereign immunity. One of the classes of actions in which it has consented to be sued are causes of actions on contracts, express or implied. It has been held by a series of authorities that the word "implied" as used in the statute, conferring jurisdiction on the Court of Claims and in the Tucker Act vesting concurrent jurisdiction in the District Courts if the claim is for not more than $10,000, means contracts "implied in fact" as distinguished from "contracts implied in law" or quasi contracts. No jurisdiction exists over a suit against the United States on a quasi contract, Harley v. United States, 198 U.S. 229, 234, 25 S.Ct. 634, 49 L.Ed. 1029; Russell v. United States, 182 U.S. 516, 530, 21 S.Ct. 899, 45 L.Ed. 1210; Montgomery Ward & Co. v. United States, 94 Ct.Cl. 309, 311; Braun v. United States, 46 F.Supp. 993, 1004, 98 Ct.Cl. 176 (a decision of the Court of Claims); Department of Water and Power of City of Los Angeles v. United States, 62 F. Supp. 938, 949, 105 Ct.Cl. 72.

The Courts also have jurisdiction in cases in which an Act of Congress creates a cause of action against the United States. It has been held, however,

that the statute involved in this case, namely, 39 U.S.C. § 4055, does not create a cause of action for a refund against the United States, but leaves the matter within the discretion of the Postmaster General, Montgomery Ward & Co. v. United States, 94 Ct.Cl. 309, 311–312.

■ It is argued that the Administrative Procedure Act would authorize the maintenance of a suit such as is involved in this instance. The Court of Appeals for this Circuit has held, however, that no cause of action against the United States for a sum of money has been created by the Administrative Procedure Act, Aktiebolaget Bofors v. United States, 90 U.S.App.D.C. 92, 96, 194 F.2d 145.

■ The Court is of the opinion that this is one of those situations—and there are many—in which there is no judicial remedy to secure a refund of money from the United States and that plaintiff's sole remedy, if any, is by a private Act of Congress.

Plaintiff's counsel also relies on the decision of the Supreme Court in United States v. Laughlin, 249 U.S. 440, 442, 39 S.Ct. 340, 63 L.Ed. 696. In that case a statute created a cause of action for excess payments made to the government under certain public land laws. The statute there involved expressly provided that, "such excess shall be repaid to such person or to his legal representatives". In this instance, however, as has just been stated, the statute on which the plaintiff relies has been construed not to create a cause of action against the government for a refund. It must be noted that the phraseology of the two statutes is drastically different. The pertinent statute involved in the case at bar provides that the Postmaster General may refund out of postal receipts certain payments, whereas the statute governing the *Laughlin* case provided that, "such excess shall be repaid to such person or to his legal representatives". The language in that case was mandatory and was held to create a cause of action.

Motion to dismiss the complaint is granted.