### KNIGHT NEWSPAPERS, INC., Plaintiff-Appellant,

v.

### UNITED STATES of America and Edward L. Baker, Individually and as Postmaster at Detroit, Michigan, Defendant-Appellees.

No. 17563.

United States Court of Appeals
Sixth Circuit.

May 31, 1968.

Brownson Murray, Detroit, Mich., for appellant, Kenneth Murray, Detroit, Mich., on the brief.

Norman Knopf, Atty., Dept. of Justice, Washington, D. C., for appellees, Barefoot Sanders, Asst. Atty. Gen., Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., Lawrence Gubos, U. S. Atty., Detroit, Mich., on the brief.

Before McCREE and COMBS, Circuit Judges, and WEINMAN, District Judge.*

WEINMAN, District Judge.

This is an action brought by the appellant, Knight Newspapers, Inc., owner and publisher of the Detroit Free Press, seeking a refund from the United States for postage paid in the amount of $19,-839.57, allegedly overcharged for postage in the mailing of copies of the Detroit Free Press over a period of approximately five years.

In its complaint, Knight Newspapers, Inc. alleges that since 1942 the Detroit Free Press has regularly filed with the United States Post Office at Detroit, Michigan, Post Office Department Form 3542 in which the publisher of a newspaper using the mails is required to state the weight of one sheet of its mailed pub-

lications. Postage is computed by the Post Office on the basis of this information.

The appellant further alleges that pursuant to the requirement that the publisher compute and submit the weight of one sheet of his publication, the appellant filed with the Post Office, every week since 1942, a completed Form 3542. For twenty-two years, from 1942 through May 23, 1964, appellant consistently informed the Post Office, on these forms, that the weight of one sheet of its publication was .027955 pounds and its postage obligation was computed accordingly.

In its complaint, appellant alleges that due to very small reductions in the size of the width of its newspaper after January 1, 1959, the weight of one sheet of the newspaper was decreased by minute amounts, ranging from 17 thousandths of an ounce to 31 thousandths of an ounce. Specifically, Knight Newspapers, Inc. alleges that in 1942, the sheet weight of the Detroit Free Press, which is utilized by the Post Office in a formula to determine postage charges for bulk second class mailings was determined to be .027955 pounds. That sheet weight was calculated for a newspaper sheet having the following specifications: density —32 pounds per ream; page length— 22½"; page width—16¾". This 1942 determination was used by Knight Newspapers, Inc. in the calculation of postage charges until May 24, 1964. In May, 1964, the appellant discovered that the 1942 sheet weight determination had never been revised to reflect the fact that, while the other newsprint specifications had remained constant, the width of the paper had been progressively narrowed since 1942 to 14⅞". Until May 24, 1964, the appellant did not inform the Post Office of these minute changes in paper width and until that date continued to report the sheet weight as .027955 pounds. Knight Newspapers, Inc. claims a refund for excess postage paid during a period from January 1, 1959 to May 24,

* Honorable Carl A. Weinman, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

1964, on the grounds that the postal rate was based on the 1942 sheet weight determination and the actual sheet weight had decreased after 1959 due to the progressive reduction in the page width of the newspaper.

. On December 17, 1964, the appellant sought a refund administratively by filing a "Claim * * * for Refund of Postage under Title 39, United States Code, Section 4055" with the Postmaster General. On March 16, 1965, Detroit Postmaster, Edward Baker, denied appellants claim for a refund of postage and by letter to the appellant, stated the following:

> "After careful investigation of this matter, I have determined that the weight variance mentioned in your petition was tolerable, and felt to be within reason. This would not have presented a justifiable reason for a postal employee to request a new sheet weight determination from the publisher."

Appellant commenced this action in the District Court for the Eastern District of Michigan against the appellees, the United States of America and Edward L. Baker, individually and as Postmaster at Detroit, Michigan.

The District Judge sustained the government's motion to dismiss appellant's complaint for the reasons stated in a recent decision in a postage refund case, Northwest Publications, Inc. v. United States, 253 F.Supp. 828 (D.C.D.C.1966). In that decision Judge Holtzoff held:

> " * * * that statute providing that postmaster general may refund out of postal receipts postage which he is satisfied has been paid for services not rendered or collected in excess of lawful rate does not create a cause of action for refund against United States, but leaves matter within discretion of postmaster general, and that there was no judicial remedy to secure refund so that sole remedy, if any, was private Act of Congress."

■ The appellant concedes that it has no action against Edward Baker the Detroit Postmaster individually. Appellant does not assert that Baker was acting outside his statutory authority or exercising his statutory authority in an unconstitutional manner. It is established law that the action of a federal officer can be made the basis of a suit for specific relief against the officer as an individual only if the officer's action is "not within the officer's statutory powers or, if within those powers, only if the powers, or their exercise in the particular case, are constitutionally void." Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L. Ed.2d 15 (1963). Since any judgment against Baker would expend itself on the public treasury, this suit is in actuality a suit against the United States. Larson v. Domestic and Foreign Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); Malone v. Bowdoin, supra; Dugan v. Rank, supra.

The issues raised by this appeal are whether the District Court has jurisdiction of an action for refund of overpaid postage under the Tucker Act, 28 U.S.C. § 1346(a) (2) and/or whether the District Court has jurisdiction under the Administrative Procedure Act 5 U.S.C. § 701 et seq. to review the determination of the Postmaster-General made under Section 4055 of Title 39.

The Tucker Act, 28 U.S.C. § 1346 provides:

> "(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims of: * * *

> "(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

■ We agree with the conclusion of the District Court that the Tucker Act

does not confer jurisdiction over actions for refund of postage.

██ The assertion of appellant that this action is founded upon an express contract with the United States is without merit. In this action appellant seeks a refund of postage paid in excess of the prescribed second class rate on the grounds that such excess postage was paid due to appellant's mistake in reporting the sheet weight of 'its mailed publications. Under the weight of authority an action to recover money paid by mistake is founded upon a contract implied by law (quasi-contract). The right to a refund of money paid by mistake arises out of a duty implied by law requiring the recipient of the money to return the same to the rightful owner. See 40 Am. Jur. Payment § 187. Appellant's action is not founded upon express contract but is founded upon a contract implied by law.

█ Under the Tucker Act, Congress has waived sovereign immunity with respect to actions founded upon express or implied contract. However, numerous decisions have held that this waiver of sovereign immunity is limited to express contracts and contracts implied in fact and does not extend to contracts implied in law or founded upon equitable principles. Goodyear Tire & Rubber Co. v. United States, 276 U.S. 287, 48 S.Ct. 306, 71 L.Ed. 843 (1928); United States v. Minnesota Mutual Investment Co., 271 U.S. 212, 46 S.Ct. 501, 70 L.Ed. 911 (1926); Merritt v. United States, 267 U.S. 338, 45 S.Ct. 278, 69 L.Ed. 643 (1925); Maryland National Bank v. United States, D.C., 227 F.Supp. 504 (1964). This action, being based upon quasi-contract, is not within the jurisdiction of the District Court.

█ Appellant's contention that this action is maintainable under the Tucker Act because it is founded upon an Act of Congress must also be rejected. Appellant argues that this action is founded upon Sections 4351–4370 of Title 39 whereby Congress has established the rates for the carrying of second class mail. These provisions of Title 39 are inapplicable to the present case. Appellant does not allege, in its complaint, that it was denied second class mailing privileges in violation of Sections 4351–4370. Furthermore, provisions establishing postal rates are not concerned with the refund of postage. Section 4055 of Title 39 is the only provision in the United States Code which expressly deals with postage refunds. If this action is founded upon an Act of Congress, Section 4055 is the only relevant statute that may be considered.

Section 4055 of Title 39, U.S.C. provides:

"The Postmaster General may refund out of postal receipts postage which he is satisfied has been—

(1) paid for service not rendered; or

(2) collected in excess of the lawful rate."

The plain wording of the statute indicates that a refund may be granted, in the sole discretion of the Postmaster-General, when he is satisfied that such a refund is justified. The language of the statute is permissive and not mandatory. The provisions of Section 4055, committing postage refunds to the sole discretion of Postmaster-General, do not create a cause of action for postage refund in any individual. Montgomery Ward and Co. for Use of Pettibone v. United States, 94 Ct.Cl. 309 (1941); Northwest Publications Inc. v. United States, supra, 253 F.Supp. at page 830.

In view of our conclusion that this action is not founded upon express contract or upon an Act of Congress, it is unnecessary to consider the question as to whether the District Court lacked jurisdiction because the amount of money sought to be recovered exceeded the $10,-000 jurisdictional limitation of the Tucker Act.

█ With respect to the second issue raised on this appeal, we hold that the Postmaster-General's refusal to grant the appellant a postage refund is not subject to judicial review. Section 4055 provides that the Postmaster General

"may" grant a refund only after it is shown to the satisfaction of the Post-master-General that a refund is justified. The express language of the statute indicates that this decision is committed to the discretion of the Postmaster-General. Since the Administrative Procedure Act, 5 U.S.C. § 701(a) prohibits judicial review of agency action "committed to agency discretion by law," we are without power to review the Postmaster-General's decision denying a postage refund.

■ It is well settled that the mere fact that all agency action involves some degree of discretion of judgment does not render every agency action unreviewable under the provisions of the Administrative Procedure Act prohibiting judicial review of agency action by law committed to agency discretion. A court may not review a decision committed to the discretion of an agency pursuant to a permissive type statute, but may do so where the decision was made pursuant to a mandatory type statute, even though the latter decision involves some degree of discretion. Ferry v. Udall, 336 F.2d 706 (C.A.9, 1964) cert. denied 381 U.S. 904, 85 S.Ct. 1449, 14 L.Ed.2d 286 (1965).

The plain wording of Section 4055 indicates that the Postmaster-General is vested with sole discretion in determining whether to grant a postage refund. The conclusion that a decision by the Postmaster pursuant to Section 4055 is not subject to judicial review is supported by other decisions which have held that judicial review was barred under statutes using similar permissive language. In Ferry v. Udall, supra, judicial review was held to be barred under a statute which authorized the Secretary of the Interior to decide whether, "in his judgment it was proper" to offer public land for sale. In Former Corp. v. United States, 66 Ct.Cl. 83 (1928), cert. denied 279 U.S. 857, 49 S.Ct. 352, 73 L. Ed. 998 (1928) judicial review was held to be barred under a statute providing that a refund for lost postoffice money orders "may" be made upon proof "satisfactory" to the Postmaster-General.

The legislative history of Section 4055 indicates that judicial review is inconsistent with the purpose Congress sought to accomplish by the enactment of this section. The legislative history reveals that prior to 1905 the Postmaster-General had initiated a practice of refunding small amounts of postage, which, in the exercise of discretion, he deemed inequitable to retain because the postage was collected by mistake on the part of postmasters. The Comptroller of the Treasury ruled that an extraordinary amount of postage could not be lawfully refunded because public money could not be returned except by Act of Congress. Consequently, Congress enacted the prior version of this postage refund statute, which became Section 4055 as part of the recodification of Title 39, to enable the Postmaster-General to continue the practice of refunding postage under such circumstances as he deemed proper. See 39 Cong.Rec. 3726. This legislative history establishes that Congress through the enactment of the refund statute contemplated the continuation of the practice whereby the Postmaster, in his discretion, refunded postage and did not intend to impose any mandatory duty upon the Postmaster-General to grant a postage refund.

In a leading decision, Panama Canal Co. v. Grace Line, Inc., 356 U.S. 309, 78 S.Ct. 752, 2 L.Ed.2d 788 (1958) the Supreme Court has held that Courts cannot review toll rates set by the Panama Canal Co. because rate adjustment was a matter left to the discretion of the Company. The Court stated at page 317, 78 S.Ct. at page 757.

"We think the initiation of a proceeding for readjustment of the tolls of the Panama Canal is a matter that Congress has left to the discretion of the Panama Canal Co. * * * It is 'authorized' to prescribe tolls and to change them. * * * But the exercise of that authority is far more than the performance of a ministerial act. * * * These are matters on which experts may disagree; they involve nice issues of judgment and choice

\* \* \* which require the exercise of informed discretion. \* \* \*" See also Ferry v. Udall, supra; Sugarman v. Forbragd, D.C., 267 F.Supp. 817 (1967).

 The nature of the task committed to the Postmaster-General by Section 4055 involves a similar exercise of judgment and informed discretion. Congress has not enunciated the conditions under which a postage refund is justified but has left this decision to the discretion of the Postmaster-General. The determination of what conditions must exist to satisfy the Postmaster-General that it is feasible and equitable to permit a refund raises questions of Post Office policy involving judgment and discretion which preclude judicial review.

The permissive language of the statute, its legislative history and the nature of the task governed by the statute compel the conclusion that the decision of the Postmaster-General denying a postage refund is not subject to judicial review.

The parties, in their briefs, have raised an additional issue, not considered by the District Court, as to whether the Postmaster's denial of a refund in the instant case constitutes arbitrary action or a clear abuse of discretion. The government asserts that even if the District Court had jurisdiction, the complaint should be dismissed because the appellant has not alleged sufficient facts to establish that the Postmaster's determination was an abuse of discretion.

It is well established that where Congress has committed to the head of a department certain duties requiring the exercise of judgment and discretion a Court will overturn his determination only in a case of abuse of discretion or where his determination is clearly wrong. See Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561 (1936); United States v. Shimer, 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1961); Dell Publishing Company v. Day, 113 U.S.App.D.C. 1, 303 F.2d 766 (1962). The facts alleged by the appellant, in its complaint, show that the appellant, through its own carelessness, erroneously computed the sheet weight of its mailed publications by approximately 17 to 31 thousandths of an ounce. Postage was assessed by the Post Office on the basis of this inaccurate information. Appellant seeks a refund of excess postage paid over a five year period due to its own error. These allegations do not establish that the Postmaster's determination disallowing appellant's claim constituted an abuse of discretion or an exercise of discretion that was clearly wrong. The decision of the District Court must be affirmed for the additional reason that appellant has failed to state a claim upon which relief can be granted.

In accordance with the foregoing the decision of Judge Ralph Freeman is hereby affirmed.