**DOROTHY THOMAS FOUNDATION, INC., Suncoast Girl Scout Council, Inc., Dr. Charles H. Wharton, and Taylor Crockett, Plaintiffs,**

v.

Clifford **HARDIN**, individually and as Secretary of Agriculture of the United States, Edward P. Cliff, individually and as Chief, United States Forest Service; T. A. Schlapfer, individually and as Regional Forester, and Thomas Smith, individually and as Interim Supervisor, Nantahala National Forest, **Defendants.**

Civ. A. No. 3298.

United States District Court,
W. D. North Carolina,
Bryson City Division.

Aug. 31, 1970.

Fleming, Robinson, & Bradshaw, Charlotte, N. C., for plaintiffs.

Keith S. Snyder, U. S. Atty., Asheville, N. C., Fred W. Harris, Jr., U. S. Forest Service, Atlanta, Ga., and Frederick L. Miller, Jr., Dept. of Justice, Washington, D. C., for defendants.

MEMORANDUM AND ORDER

WOODROW WILSON JONES, Chief Judge.

This matter is before the Court upon the plaintiffs' application for a preliminary injunction restraining the defendants from accepting bids for the purchase of 1.159 million board feet of timber, or in the event acceptance of bids has already occurred, restraining defendants from entering into a contract

of purchase for said timber or permitting the cutting thereof, pending the trial of this cause upon its merits.

The plaintiffs have instituted this action for declaratory judgment and injunctive relief seeking to enjoin the federal government from selling, cutting, and removing timber resources from approximately 400 acres of the Nantahala National Forest in Clay County, North Carolina. The plaintiff, Dorothy Thomas Foundation, Inc., is a Florida non-profit corporation, and owns approximately 1500 acres adjoining the Nantahala National Forest. The plaintiff, Suncoast Girl Scout Council, Inc., is a Florida non-profit corporation, and operates a Girl Scout Camp on the 1500 acres owned by the Foundation. The plaintiff, Dr. Charles H. Wharton, is a resident citizen of Atlanta, Georgia, but owns property adjoining Nantahala National Forest and Taylor Crockett, is a resident citizen of Franklin, North Carolina. The defendant, Clifford Hardin, is Secretary of Agriculture of the United States, and the other defendants are employees of the United States Forest Service.

This action was filed on August 17, 1970, and a hearing upon this application was conducted by the undersigned in Asheville on August 27, 1970, at which time plaintiffs and defendants offered evidence. Plaintiffs' evidence consisted of oral and written testimony.

The evidence discloses that the Forest Service after proper advertisement as required by law, accepted bids upon certain marked standing timber on approximately 400 acres of the Nantahala National Forest. The bids were opened on August 17, 1970, and the successful bidder, Bradley Lumber Company, Franklin, North Carolina, was notified by mail on said date that it was the successful bidder for said timber. The notice to the Lumber Company was mailed by the Forest Service prior to the service of summons in this cause.

The plaintiffs allege upon information and belief that the recreational qualities of the area have not been considered by the defendants and that they have thereby acted without authority, unreasonably, and in an arbitrary manner, in violation of the Multiple Use and Sustained Yield Act, 16 U.S.C.A. §§ 528–531, the National Environmental Policy Act of 1969, Public Law 91–190, 91st Congress, January—1970, 83 Stat. 852, and the Code of Federal Regulations, Section 221.1, Title 36, Chapter II, issued pursuant to 16 U.S.C.A. §§ 551 and 572, in that they have not made a reasonable or sufficient study of the recreational qualities of the area and of the adverse effects of the proposed timber sale upon said recreational qualities, upon the environment, including water resources and wildlife of the area, upon the economic welfare of the plaintiffs and upon other persons, firms and organizations dependent upon the protection and preservation of said recreational qualities, and upon the usefulness of the areas belonging to the plaintiffs.

The plaintiffs further contend that the defendants acted without authority, unreasonably, and in an arbitrary manner in that they failed to afford reasonable opportunity to all persons, firms and organizations, including the plaintiffs and others affected to be heard with respect to the determination of the sale of said timber, and that they failed to make proper judicious weighing of the relative importance of the various resources contained in the area as required by the Multiple Use and Sustained Yield Act, and that said sale of the timber is not in the best interest of the American people.

Plaintiffs offered the oral testimony of one witness and the affidavits of several other witnesses all of which tend to show only that plaintiffs and their witnesses disagree with the decision of the Forest Service to sell, cut and remove the large trees on the 400 acre tract of the National Forest. They desire to substitute their judgment for the judgment of the Forest Service. They challenge the action of the Forest Service and claim that it failed to comply with the Multiple Use and Sustained

Yield Act, but the plaintiffs have not offered one scintilla of evidence to indicate such failure. The burden is upon the plaintiffs to prove that they would suffer substantial and irreparable injury if the court failed to grant the preliminary injunction, that there is a substantial controversy between the parties and that there is a reasonable probability that the plaintiffs have a cause of action against the defendants. In short, the burden is on the plaintiffs to show irreparable injury and probable cause. The plaintiffs have failed to meet this burden.

The defendants offered the witness, Dr. John A. Adams, Regional Engineer for the Forest Service, who was Chairman of a Task Force appointed for the purpose of determining whether or not the sale of this timber met all of the requirements of the Multiple Use and Sustained Yield Act of 1960. The other members of this Task Force were John Russell, Division of Timber Management, Charles Hensley, Recreational Staff of the National Forests in North Carolina, and Malcom Edwards, Wildlife Staff of Jefferson National Forest. Dr. Adams' report was filed with the court and marked as defendants' Exhibit #1. This report shows that it is supplemental to a Special Task Force appointed some three months ago to go upon the site and make recommendations to the Forest Service relative to the proper use of this area. This report tends to show that the Forest Service considered the recreational qualities of the area and the effects of the proposed timber sale upon said recreational qualities, upon the environment, including water resources and wildlife of the area. In other words, the report tends to show that the Forest Service complied with all of the requirements of the Multiple Use and Sustained Yield Act of 1960.

In 1897 the Congress set aside some public lands as national forests and outlined the purpose of said areas. Among other things, the Congress said, in 16 U.S.C.A. § 475:

"No national forest shall be established, except to improve and protect the forest within the boundaries, or for the purpose of securing favorable conditions of water flows, and to furnish a continuous supply of timber for the use and necessities of citizens of the United States * * * ."

In 1960 the Congress supplemented the original Act by adopting the Multiple Use and Sustained Yield Act of 1960, 16 U.S.C.A. §§ 528–531. Section 528 reads in part as follows:

"It is the policy of the Congress that the national forests are established and shall be administered for outdoor recreation, range, timber, watershed, and wildlife and fish purposes. The purposes of sections 528–531 of this title are declared to be supplemental to, but not in derogation of, the purposes for which the national forests were established as set forth in section 475 of this title."

Congress has decreed that national forests shall be under the jurisdiction of the Secretary of Agriculture and he is empowered by law to determine when timber should be cut and removed from such forests. He is required under the law to consider the multiple use and sustained yield of such areas and his administrative decision can only be reviewed by the court when his decisions are in contravention of the Act.

The Sixth Circuit Court in the case of Knight Newspapers, Inc. v. United States, 395 F.2d 353, in interpreting the Administrative Procedure Act, 5 U.S.C.A. §§ 701–706, held:

"A court may not review a decision committed to the discretion of an agency pursuant to a permissive type statute, but may do so where the decision was made pursuant to a mandatory type statute, even though the latter decision involves some degree of discretion."

Section 706 of the Administrative Procedure Act entitled "Scope of Review", provides in part, that

"The reviewing court shall—

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; and

(D) without observance of procedure required by law."

■ Both the original and the Supplemental Act direct the Department of Agriculture as to what factors should be considered in determining how the various national forests are to be developed and administered. These factors are "to improve and protect the forest", to secure "favorable conditions of water flows and furnish a continuous supply of timber for the use and necessities of citizens of the United States" as required by the original Act, and "outdoor recreation, range, timber, watershed, and wildlife and fish purposes", as directed by the supplemental provision known as the Multiple Use and Sustained Yield Act. The Secretary is required by law to consider all of these factors and then render a decision. The decision has been made, and this Court can only determine whether the action of the Secretary was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law", or that said action was "without observance of procedure required by law."

■ The plaintiffs in this cause can only prevail if they can establish by clear and convincing proof that the action of the defendants is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. This they have failed to do thus far. There is no evidence in this record to show any failure on the part of the defendants to consider all of the factors as required by law. The plaintiffs' evidence merely shows that they and their witnesses have a different opinion about how a national forest should be run and they desire that this Court restrain the sale of this timber pending the trial so that they may by the discovery process glean the defendants' records to see if they have failed in any respect to make this decision according to law. This Court cannot and should not interfere with this administrative procedure upon the evidence which has been offered.

The defendants' evidence tends to show compliance with the law and the United States Attorney has indicated that all government records in connection with the proposed sale of this timber will be readily available to this Court and the plaintiffs. In fact, the evidence offered by the defendants indicates that plaintiffs have been advised by the Government all along in connection with these proceedings. The Task Force met with Mrs. Robert Widgery, who is connected with the Suncoast Girl Scout Council, Dr. Charles H. Wharton, and Taylor Crockett, plaintiffs in this cause, and the plaintiffs' witness, Dr. Robert Platt, and together they all conducted a three-day survey of the area involved. The evidence shows that no timber cutting will commence until the roads are constructed by the Forest Service and that it will without a doubt be several weeks before any timber is cut.

The Court therefore denies plaintiffs' Motion for Preliminary Injunction, and advances this cause on the calendar for trial on the merits, and hereby schedules the trial for September 14, 1970.

■ The Court finds that Bradley Lumber Company, Franklin, North Carolina, is a necessary party to this action, and therefore orders that process of this Court issue and be served upon said Company immediately.