Judgments; res judicata; former adjudication of lack of Tucker Act jurisdiction as barring current suit. — On March 28,1980 the court entered the following order:
*692 Before Davis, Judge, Presiding, Nichols and Kashiwa, Judges.
According to the petition, the Small Business Administration ("SBA”) entered into a guarantee agreement with Summit Insurance Company of New York ("Summit”), the surety on the payment bond of the SBA-sponsored Glenville Project in Cleveland, Ohio. Plaintiff was a materialman on that project. The allegation is that Summit was ordered liquidated without having fulfilled the terms of its payment bond by paying plaintiff, which claims entitlement to 90% of the balance due it for materials supplied to the prime and subcontractor on the project. This suit claims recovery either as a third party beneficiary of the guarantee agreement between SBA and Summit, or because plaintiff properly relied on the Federal Government’s guarantee.
Defendant has moved to dismiss the petition on the ground that the claim is barred by the prior adjudication in the District Court for the Northern District of Ohio in Preisler Lumber Company v. Small Business Administration, et al., N.D. Ohio, Civil Action No. 678-1702. That earlier suit by plaintiff raised the same claim as the present action, and was dismissed (before the filing of the current suit) by the District Court on the ground of lack of subject matter jurisdiction. The court’s order cited and rested on Knight Newspapers, Inc. v. United States, 395 F.2d 353 (6th Cir. 1968), which had specifically held that that suit was outside Tucker Act jurisdiction because it invoked and rested on a contract implied in law (a type of claim concededly beyond Tucker Act jurisdiction).[1] We must interpret the District Court’s ruling in Preisler Lumber Company as making the very same disposition of plaintiffs case.[2] No appeal was taken from that ruling and, accordingly, there exists an outstanding and binding adjudication that plaintiffs claim falls outside Tucker Act jurisdiction (including this court’s jurisdiction under 28 U.S.C. § 1491) because the petition relies only on a contract implied in law. Defendant is therefore correct that the District Court *693 judgment of dismissal bars the current suit under the doctrine of former adjudication.
it is therefore ordered, without oral argument, that defendant’s motion to dismiss is granted and the petition is dismissed.

 The Knight Newspapers decision did not go off on the ground that the district court was without jurisdiction because more than $10,000 was involved.

 "Contract implied in law” was one of the grounds presented by the Government for the dismissal of the District Court action.