AUGUSTA AVIATION, INC., Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 178–243.

United States District Court,
S. D. Georgia,
Augusta Division.

Nov. 6, 1980.

Edward E. Boshears, Brunswick, Ga., for plaintiff.

William T. Moore, Jr., U. S. Atty., Savannah, Ga., Edmund A. Booth, Jr., Asst. U. S. Atty., Augusta, Ga., for defendant.

## ORDER

BOWEN, District Judge.

Plaintiff seeks to recover under the Tucker Act, 28 U.S.C. § 1346, for breach of an implied contract. The action was tried without a jury and the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

Certain acts of congressional legislation provide benefits to United States military veterans. Educational assistance is available under Chapter 34 of Title 38, United States Code. Pursuant to this chapter, a large part of eligible veterans' tuition costs will be paid by the Veterans' Administration. If a veteran wishes to receive this benefit, the educational program in which he seeks enrollment must be approved by the Administration. To effectuate this plan, the Administration promulgates rules and regulations governing the conduct of

institutions which offer courses to veterans. These guidelines address certification procedures for the courses involved, civil rights compliance reports, instructions for assisting veterans in applying for benefits, and the maintenance of an individual file on the veteran.

Institutions offering flight training must comply with additional procedures, including the installation of hour meters on all training aircraft and maintenance of meter reading logs on all training aircraft, daily flight sheets showing all flight training for veterans and non–veterans, and records containing sales invoices, surveys of all graduates, and advertising materials.

Plaintiff, Augusta Aviation, Inc., has been offering "approved" flight–training courses to eligible veterans under the Viet Nam "G.I. Bill" since 1967. Its policy is to enroll veterans after they present a "Certificate of Eligibility" issued by the Administration. This certificate indicates how much of the veteran's educational entitlement remains.

Joe D. Brown is a veteran who sought enrollment in a flight–training course taught by plaintiff. On June 30, 1977, plaintiff sent a letter to the Veterans' Administration Regional Office stating that it would enroll Mr. Brown when he presented a "Certificate of Eligibility." On July 18, 1977, the Veterans' Administration issued this certificate stating that Joe D. Brown had 30½ months of entitlement to educational benefits. An entitlement in this amount would be sufficient to pay ninety percent of total cost of the subject flight training. The certificate also indicated that the flight–training course taught by plaintiff was approved.

Relying on the certificate, plaintiff enrolled Mr. Brown in the requested course and he received training at a total cost of $7,041.10. Subsequent to the receipt of this training, however, the Veterans' Administration notified Mr. Brown that an error had been made and that his entitlement was considerably less than 30½ months. He received a check for only $1,045.36, which he gave to plaintiff. Plaintiff has not been paid for the remaining ninety percent of the cost of the training, and seeks payment from the Veterans' Administration in the amount of $5,291.63.

## CONCLUSIONS OF LAW

■  Plaintiff contends that the Veterans' Administration breached an implied contract by its refusal to pay ninety percent of Mr. Brown's flight training. The basis of this contention is that plaintiff provided the training in reliance upon the "Certificate of Eligibility" issued by the Administration. Normal principles of estoppel and detrimental reliance generally do not apply in suits against the United States. *See Barnett v. United States*, 397 F.Supp. 631 (D.S.C.1975). This action was brought pursuant to a waiver of sovereign immunity which does not extend to contract claims implied in law or founded upon equitable principles. 28 U.S.C. § 1346(a); *see Knight Newspapers, Inc. v. United States*, 395 F.2d 353 (6th Cir. 1968). Notwithstanding the irrelevance of the theory of detrimental reliance, plaintiff's contract claim may still be meritorious since the contract involved is one implied in fact.

■  A contract implied in fact is one inferred from the conduct of the parties and the surrounding circumstances. *See Klebe v. United States*, 263 U.S. 188, 44 S.Ct. 58, 68 L.Ed. 244 (1923). The contractual relationship between the parties here is based upon the numerous requirements imposed upon plaintiff by the Veterans' Administration. The Administration impliedly invites institutions to enroll veterans by promulgating rules and regulations governing their conduct. This represents one of the traditional essentials of a contract–the offer. *See Aycock–Lindsey Corp. v. United States*, 171 F.2d 518 (5th Cir. 1948). By complying with these regulations and enrolling veterans, an institution accepts the offer. The Administration benefits by having schools available which offer and provide "approved" educational programs to veterans, and the school is assured that a large part of the cost of the education will be paid. Thus, the arrangement includes

the final *sine qua non* of contract formation, that of consideration.

It is plaintiff's claim that this contract has been breached. The Administration contends that its own mistake in computing Mr. Brown's entitlement relieves it from paying ninety percent of the cost of his flight training. The Court now comes to the real issue of the case, one which is a simple question of contract law: did the Administration's mistake void its contract with plaintiff?

"There are many cases in which one party has assented to a definite bargain because of some antecedent error of computation that he has made. Their number is due to the fact that men are poor accountants and inaccurate in doing simple mathematical problems." 3 *Corbin on Contracts*, § 609. The same certainly holds true for governmental agencies. As a general rule, such a unilateral mistake will not constitute grounds for relief. *See Skyline Corp. v. N. L. R. B.*, 613 F.2d 1328 (5th Cir. 1980).

Here, Mr. Brown received flight instruction as intended by both the Administration and plaintiff. No mistake was made in agreement. The mistake in computation was not discovered until after acceptance occurred and consideration passed, when the contract was no longer executory. The Court must hold that there the agreement is enforceable against the mistake—maker.

The Administration impliedly invited plaintiff to offer valuable training to Mr. Brown in exchange for the Administration's implied agreement to pay ninety percent of the cost of the training. Plaintiff has rendered services in the amount of $7,041.10 and has received only $1,045.36. Accordingly, judgment in favor of plaintiff shall be entered in the amount of $5,291.63.